|! JONES, Judge.
The Defendant/Appellant, Patterson Insurance Company (hereinafter “Patterson”), appeals the judgment of the First City Court casting it in judgment for a total of $13,110 in favor of the Plaintiff/Ap-pellee, Elem Peters. We reverse.
*68 This appeal filed by Patterson arises out of a June 11,1999 automobile accident that occurred on Chef Menteur Highway in Orleans Parish. On the day in question, Mr. Peters was traveling eastbound on Chef Menteur Highway behind a vehicle being driven by Charles Cloud, Jr., when Mr. Cloud stopped his vehicle in the right lane of traffic to pick up a passenger. Mr. Peters was able to bring his car to a stop behind Mr. Cloud while the passenger was entering his vehicle. Immediately thereafter, the vehicle driven by Mr. Peters was struck in the rear by an unknown vehicle and propelled into Mr. Cloud’s vehicle. The operator of the striking vehicle fled the scene of the accident. Mr. Peters suffered injuries to his neck and back as a result of the accident.
Mr. Peters filed suit against Mr. Cloud and his insurer, Allstate Insurance Company (hereinafter “Allstate”). He also named Linda Warren and her alleged insurer, Patterson, as defendants. It is the contention of Mr. Peters contention that Ms. Warren was the driver of the vehicle that fled causing his vehicle to collide | ;.with the vehicle driven by Mr. Cloud. Mr. Peters alleged in his original petition that a witness at the scene of the accident had obtained the license number from Ms. Warren’s vehicle.
In its Answer, Patterson denied all of the allegations of Mr. Peters regarding Ms. Warren, except to admit that it had issued an automobile liability insurance policy covering Ms. Warren for liability up to the policy limits of Ten Thousand dollars ($10,000) per person, and Twenty Thousand dollars ($20,000) per accident for personal injuries suffered as the result of the fault of Ms. Warren. Our review of the record reveals that Ms. Warren was not served with a copy of the petition, and no Answer was filed on her behalf.
This matter came for a bench trial on December 11, 2001. Prior to the propounding of testimony, Patterson admitted that “[a]t the time of the accident, they had a policy issued to Warren” with the liability limits listed above.
At trial, Mr. Cloud and Mr. Peters were the only two witnesses called to testify. At the close of Mr. Peters’ case in chief, Mr. Cloud and Allstate moved for an involuntary dismissal arguing that Mr. Peters had not met his burden of proving that Mr. Cloud was negligent and had caused the accident. The First City Court granted the involuntary dismissal on behalf of Mr. Cloud and Allstate. Likewise, Patterson moved for an involuntary dismissal, arguing that no evidence had been presented to show that a vehicle owned and/or operated by Ms. Warren was the third vehicle involved in the accident. The First City Court denied the motion filed by Patterson and took the matter under advisement.
On December 28, 2001, the First City Court made in relevant part the following finding:
|3“... Accordingly, the court renders judgment in favor of Elem Peter [sic] in the amount of Eight Thousand Dollars ($8,000.00) in general damages, Three Thousand Nine Hundred Eighty Five Dollars ($3,985.00) in special damages, and One Thousand One Hundred Twenty Five ($1,125.00) in lost wages, along with legal interest from the date of judicial demand and all costs of these proceedings.”
It is from this judgment that Patterson now appeals.
At the outset, we find that the judgment of the First City Court fails to cast anyone in judgment. Nevertheless, it is abundantly clear that the district court intended to cast Patterson in judgment based on its finding of fault by Patterson’s insured, *69 Ms. Warren. The First City Court further noted in its judgment that:
The Court, after hearing the law, evidence, and argument of counsel, dismisses this claim with prejudice against the defendants, Charles Cloud, Jr. and Allstate Insurance Company, and finds that Patterson Insurance Company’s insured caused the plaintiff to suffer damages, when she failed to maintain a proper lookout of the plaintiffs vehicle and rear-ended the plaintiff, causing him damages.
In the interest of judicial economy and equity, we will consider the judgment of the First City Court as having cast Patterson in judgment. We would further amend the judgment accordingly in agreement with Reaux v. The City of New Orleans, 2001-1585 (La.App. 4 Cir. 3/20/02), 815 So.2d 191, however, since this Court reverses the finding of the First City Court, there is no need to amend and then reverse the judgement.
In Stobart v. State through Dept, of Transp. and Development, 617 So.2d 880 (La.1993), our Supreme Court set out the appellate standard of review in examining the findings of the district court, as follows:
A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840 (La.1989). This Court has announced a two-part test for the reversal of a factfinder’s determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). See Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).
This test dictates that a reviewing court must do more than simply review the record for some evidence which supports or controverts the trial court’s finding. Id. The reviewing court must review the record in its entirety to determine whether the trial court’s finding was clearly wrong or manifestly erroneous.
Nevertheless, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. (Citations omitted).
[[Image here]]
Nonetheless, this Court has emphasized that “the reviewing court must always keep in mind that ‘if the trial court or jury’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.’ ” (Citations omitted).
Stobart, 617 So.2d at 882-883.
Patterson, in its sole assignment of error, argues that the First City Court was manifestly erroneous in its finding that Mr. Peters proved by a preponderance of the evidence that the motor vehicle accident at issue was caused by the fault of its insured, Ms. Warren.’
We begin our review by examining the trial transcript. Mr. Cloud was the first witness called by Mr. Peters. Mr. Cloud testified that he stopped his vehicle near the intersection of Chef Menteur Highway and Downman Road to pick up a neighbor. He testified that he stopped his vehicle for approximately fifteen or |stwenty seconds and that the accident occurred immediately after his passenger had closed the door upon entering his vehicle. He testified *70 that the vehicle behind jammed into him after a third vehicle hit it from behind. He further testified that he saw the third vehicle leave the scene. Although Mr. Cloud could not recall the color of that vehicle, he did remember that it was a late model El Camino and that the driver was apparently male. He did not record a license number nor did he speak to any witnesses at the scene.
Mr. Peters was the only other witness to testify at trial. He testified that when the vehicle ahead of him stopped to pick someone up at the bus stop on Chef Menteur Highway, just past Downman Road, he stopped his vehicle about a ear’s length away. Then, “out of the blue”, he was rear-ended and pushed into the car ahead of him when his air bag exploded and his car filled up with smoke. After the accident, the car that hit him backed up and sped away. All that he could remember about the car that struck him was that it was beige. He further testified that he was given information from several witnesses as to what they saw, and that he had given that information to the police officer who investigated the accident. However, Patterson objected to having Mr. Peters.testify as to the information given to him by other witnesses on the grounds that it was hearsay. The First City Court sustained Patterson’s objections, thereby prohibiting Mr. Peters from testifying as to the actual information relayed to him by the witnesses.
Mr. Peters then testified as to his injuries and the treatment he had received, as well as to the amount of lost wages that he was claiming as a result of the accident. On cross-examination, Mr. Peters admitted that he did not know whether a male or female had been driving the third vehicle, and he acknowledged that he |fihad previously testified in his deposition that he believed that the third vehicle was a Thunderbird.
No other evidence was produced at the trial. The police officer who investigated the accident was not called as a witness nor was the police report listed on the exhibit list or submitted into evidence by Mr. Peters. While Mr. Peters referenced the police report at trial and asked Patterson’s counsel if he objected to it being submitted into evidence, Patterson’s counsel responded in the negative and the report was not actually offered into evidence.[1]
Patterson submits that while the accident in question was undoubtedly caused by the fault of the driver of the third vehicle, no evidence was introduced as to: (1) the identity of the driver of this third vehicle, or (2) what type of vehicle was owned by Ms. Warren on the date of the accident. Further, Patterson argues that although Mr. Peters testified that several witnesses gave him information regarding the third vehicle, and that he relayed such information to the investigating officer, no evidence was presented at trial that a witness to the accident recorded the license plate number of the third vehicle or that a subsequent check of that number revealed a vehicle belonging to Ms. Warren.
In response to Patterson’s argument, Mr. Peters argues that the following facts were established at trial: (1) the car which fled the scene was an old El Camino, (2) witnesses to the accident supplied the license number of that car to Mr. Peters who in turn gave the information to the police, and (3) a check of that license number revealed that a 1977 El Camino was *71 registered to Ms. Warren, who had a policy of insurance with Patterson. Mr. Peters further maintains, without |7citing any jurisprudential support, that under article 302 of the Louisiana Code of Evidence, that the trier of fact is within its discretion to make the presumption that Ms. Warren was operating her vehicle on the date of the accident, and was responsible for the injuries sustained by Mr. Peters. Finally, Mr. Peters avers that Patterson failed to display any evidence to show that Ms. Warren was not the operator of her vehicle on the date of the accident, nor that the El Camino identified by the witnesses was not the vehicle that struck Mr. Peters.
We find that the arguments of Mr. Peters are without merit. The “facts” upon which he relies were not established at trial. While Mr. Cloud testified that the third vehicle was an El Camino, Mr. Peters admitted to testifying by deposition that he thought the vehicle that struck him was a Thunderbird. There was no evidence presented to support Mr. Peters’ claim that it was established at trial that witnesses supplied the license number of “that car” to him. Rather, because of Patterson’s counsel’s hearsay objection, there was no testimony as to what information was given to Mr. Peters by witnesses and subsequently relayed by him to the police. Additionally, there was absolutely no testimony presented or evidence introduced to support Mr. Peters’ claim that a fact established at trial was that “a check of the license number revealed that a 1977 El Camino was registered to Linda Warren.” Further, while Patterson admitted that it insured Ms. Warren on the date in question, no evidence was presented as to what kind of vehicle(s) were insured under the Patterson policy, nor was any evidence presented as to what kind of vehicle Ms. Warren owned on the date of the accident.
Mr. Peters’ rebanee on article 302 of the Louisiana Code of Evidence is misplaced. This article merely gives definitions that are relevant to Chapter 3 of that Code, entitled Effect in Civil Cases of Presumptions and Prima Facie \ ^Evidence. Further, the presumptions referred to in article 302 of the Louisiana Code of Evidence are inferences created by the legislature.
Finally, the burden of proof was on Mr. Peters to prove that Ms. Warren, or a permissive user of a vehicle owned by her, was the driver of the third vehicle involved in the accident at issue herein. Mr. Peters failed to meet that burden. Thus, Patterson was not obligated to disprove the allegations that its insured, or a vehicle owned by its insured, had caused the accident in which Mr. Peters was injured.
The conclusory allegations in Mr. Peters petition and in his brief to this Court, that a witness to the accident supplied him with a license number that was eventually traced to a vehicle owned by Ms. Warren, were not supported by any evidence. As we stated previously, Mr. Peters was not allowed to testify as to what information was relayed to him by witnesses to the accident. He failed to offer the police report as an exhibit and to submit it into evidence, and did not call as a witness the police officer who took the police report. Therefore, regardless of what information was actually contained in the police report[2], Mr. Peters cannot rely upon anything contained therein to support the *72 judgment in his favor rendered by the First City Court.
In Houston v. Chargois, 98-1979, p. 4 (La.App. 4 Cir. 2/24/99), 732 So.2d 71, 73, we stated that:
We are a court of record. We are powerless to act on representations of counsel where they are not supported by the record. Based on the foregoing meagre [sic] record we can only conclude that the plaintiff failed in her burden of proof.
|flThe record before us contains absolutely no factual or evidentiary support for the finding of the First City Court that the accident was caused by the fault of Patterson’s insured, Ms. Warren. Thus, the judgment of the First City Court was manifestly erroneous and will be reversed.
DECREE
For the reasons stated herein, the judgment of the First City Court rendered on December 28, 2001, is reversed. We further find that considering the result of our opinion, it is not necessary to amend the ruling of the First City Court in order to cast Patterson in judgment, as it will have no effect.
REVERSED AND RENDERED.

. This Court concludes that Mr. Peters’ statement in his brief to this Court that there was a stipulation as to the admission of “the police report, which contained the license number of the vehicle that was eventually traced to Ms. Warren,’’ was in error.

. Patterson's counsel stated at trial that the police report indicates that a check of the license plate number came back "no return”. Although statements of counsel are not evidence, See e.g. Houston v. Chargois, 98-1979 (La.App. 4 Cir. 2/24/99), 732 So.2d 71, this casts doubt on Mr. Peters' assertion that a check of the license number came back as belonging to Ms. Warren.