No. 3727

Second Circuit

JOHNSON v. JIM BROWNLEE, INC.

(March 24, 1930. Opinion and Decree.)

Craig, Bolin & Magee, of Shreveport, attorneys for plaintiff, appellee.

Chris Barnette, of Shreveport, attorney for defendant, appellant.

DREW, J. Plaintiff sued to recover damage to his automobile caused by collision with a car of defendant's on or about the 24th of December, 1926. It is alleged that plaintiff's car was struck by a car owned by defendant and being operated by Roy Collins, a negro demonstrator, within the course of his employment.

It is admitted by defendant that it owned the car that collided with plaintiff's car, but it is denied that Roy Collins was in any way employed by defendant.

Defendant offered no evidence on the trial of the case, and the question of negligence and quantum of damage is not raised. The defendant relies solely on the allegation of its answer that Roy Collins, the driver of its car, was not in the employ of defendant and was not acting in the scope of his employment.

We think the evidence in the record, uncontradicted, is sufficient to show that Roy Collins was in the employ of defendant at the time of the accident, and it is admitted that the car he was driving was the property of defendant, thereby shifting the burden to defendant to prove that he was not at that time on a mission of his master.

Roy Collins, immediately after the accident, said that he was demonstrating for the defendant company, and one other employee of defendant testified that Roy Collins was in the employ of defendant as a demonstrator. This is the only testimony offered on this point, but is sufficient where it is not contradicted. It is sometimes very difficult to prove employment, for the reason that it is a matter peculiarly within the knowledge of the defendant and its employees.

The courts of a great many of the states of the Union have held that proof that an automobile is owned by the defendant is prima facie evidence of his responsibility for the manner in which it was driven. Potts vs. Pardee, 220 N. Y. 431, 116 N. E. 78, 8 A. L. R. 787; Kellogg vs. Church Charity Foundation of Long Island, 203 N. Y. 191, 96 N. E. 406, 38 L. R. A. (N. S.) 481, Ann. Cas. 1913A, 883.

The jurisprudence of this state is that an allegation and proof showing the ownership of the automobile, and that it was being operated at the time by an employee of the owner, is sufficient to make out a prima facie case and to raise the presumption that the servant was acting within the scope of his employment, and that the burden is then thrown on the owner to show the contrary. May vs. Yellow Cab Co., 164 La. 920, 114 So. 836; Swedman vs. Standard Oil Co. of La., (La. App.) 125 So. 481.

Plaintiff made out a prima facie case, and the defendant did not offer any testimony in the case. The lower court found for plaintiff, awarding him damages to the amount of the cost of repairing his car. We think the judgment is correct.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed. Cost of appeal to be paid by defendant, appellant.