STOULIG, Judge.
Petitioners, John and Richard Carpenter, filed suit for damages incurred in a three-car collision on the Greater New Orleans Mississippi River Bridge. Plaintiffs allege Richard Carpenter, while driving a car owned by John Carpenter, was temporarily stopped in a traffic jam in the left eastbound lane on the bridge when his vehicle was hit from the rear by a second automobile driven by Edwin Kernion, Jr., which in turn was rear-ended by a third vehicle driven by Philip Hackett. Both Hackett and Kernion were cited as defendants along with Manchester Insurance and Indemnity Company, Kernion’s alleged insurer; however, the individual defendants were not served, filed no answer, and no default judgment was entered against them. The insurer denied coverage and/or liability.
After trial on the merits, judgment was rendered awarding both plaintiffs $405 in property damage. From this adverse judgment the defendant insurer has appealed.
We reverse this judgment because plaintiffs have not made out a prima facie case of negligence for which the defendant would be liable. The petition asserts Ker-nion negligently struck the Carpenter vehicle from the rear, but there is no evidence to prove this assertion. The only testimony concerning the manner in which the accident occurred was that of Richard Carpenter, who simply stated, without identifying the driver of either the front or the rear vehicle, that he was struck from the rear by a car while he was stopped on the *869 Mississippi River bridge, which collision propelled him forward into the rear of the car stopped in front of him.
The entire testimonial and documentary evidence bearing upon the occurrence of the accident, the issue of negligence, the identity of the respective drivers and the vehicles involved is contained in the following testimony of the plaintiff Richard Carpenter given on direct examination:
“Q Mr. Carpenter, can you tell us the facts surrounding the incident which occurred on August 6, 1972?
A Sure.
Q Involving your automobile ?
A I was driving home, it was a Sunday night, it was about five minutes to, it was a little bit before 8:00 o’clock, it wasn’t night yet due to daylight saving time, and I was in the left-hand lane on the Greater New Orleans Bridge heading toward the west bank and the vehicle in front of me came to a halt and stopped, I put on my brakes and I came to a complete stop between ten and fifteen feet, you know, before I hit, I didn’t hit him, I came to a halt ten or fifteen feet before his vehicle.
Q Yes.
A But the vehicle behind me didn’t stop, I didn’t hear any brakes, it just piled into the back of my car and pushed my car slightly into the vehicle in front of me.”
The proof adduced is insufficient to support a judgment.
For the reasons assigned the judgment appealed from is reversed. Plaintiffs are to pay all costs.
Reversed.