MORIAL, Judge.
This is a suit for damages sustained by plaintiff, Wayne Molinary, when his two day old automobile was damaged by a truck allegedly operated by defendant, Advance Paper Company.
On June 14, 1974 plaintiff parked his 1974 Datsun on Iberville Street behind a truck. When he returned approximately ten minutes later, he observed that the front of the car had been damaged. Upon inquiry in the area, Edna May Howard informed plaintiff that she had witnessed the accident. She stated she heard a noise, looked up and saw a blue truck with “Advance” written on it pulling away and said to herself “Oh he must have hit a car.”
Based only upon these facts, plaintiff filed this suit. Damages were stipulated to be in the amount of $88.61 and judgment in that sum was awarded. Defendant appeals contending that the trial court erred in holding that plaintiff had sustained his burden of proof by a preponderance of the evidence. We agree.
Upon our meticulous review, we find the record devoid of any evidence tending to show that a vehicle operated by defendant was the cause of the accident. The only witness, Edna May Howard, identified the offending vehicle as being “blue” with “black” lettering and saw only the word “Advance” printed thereon. The unrefuted testimony of Mr. Fred Barbier, Secretary-Treasurer, General Manager of Advance Paper Company, established that defendant operated no blue trucks at the time of the accident. Mr. Barbier further testified (again unrefuted) that plaintiff visited the Advance Paper Company’s garage where he viewed and examined all of its trucks. At that time he was asked the color of the truck that hit his car. He said it was green. He then changed his story and stated the truck was silver and then said it might have been white. According to Bar-bier, plaintiff then stated, “Don’t see how it could have been any of these trucks that could have caused the accident.” This statement was not denied by plaintiff on cross-examination.
Plaintiff’s testimony is that he paid no attention to the truck he parked behind except to note the distance between it and his car.
 The trial court ruled in favor of plaintiff and stated, “ * * * the court is of the opinion that the truck was identified by the plaintiff as being in front of his car when he parked on Iberville Street and it was proven by one witness that she saw this truck back into the car. * * * ” This conclusion is totally unsupported by the evidence and is, therefore, manifestly erroneous. As stated in Thibodeaux v. St. Joseph Hospital, 276 So.2d 703, 707 (La.App. 1 Cir. 1973), “ * * * Proof which establishes only possibility, speculation or unsupported probability does not suffice to establish a plaintiff’s claim. * * * ”
Accordingly, the judgment of the trial court is reversed. Plaintiff is to pay all costs.

Reversed.