SARTAIN, Judge.
This is an action for damages arising out of an alleged collision between a pickup truck owned and operated by Reuben M. Pusey and a trailer-tank truck owned by Paul M. Davison and James E. Davison, d/b/a Davison Transport Company and Davison Transport Company, Inc., and driven by Billy Joe Tucker. Plaintiff appeals from a judgment rejecting his demands. We affirm.
We adopt with approval the trial judge’s summation of the testimony as contained in his written reasons for judgment:
“Plaintiff Pusey testifies that he was driving his Chevrolet pick-up truck at approximately 5:40 in the morning in a westerly direction on US Highway 190 in the vicinity of Southeast Louisiana Hospital, near Mandeville, Louisiana. He says he was traveling in his correct lane of traffic when an on coming tank truck swerved or maneuvered over into his lane and sideswiped his truck.
The plaintiff contends that after his truck was struck, he spent about four minutes at the accident scene with a coworker, Mr. Callahan, who had been traveling behind Mr. Pusey. The plaintiff then turned his truck around and went after the other vehicle and he stopped the defendant’s vehicle near the Billups Station in Lacombe.
Officer Francois Abadie, of the Louisiana State Police, testified that he was called and went to the Billups Station and he found that the plaintiff’s pick-up truck was damaged on the left side by the driver’s door near where it is hinged and that there was slight damage near the tandem wheel of the left side of the tractor rig. He said he did find fresh scrapings on Mr. Pusey’s truck and that he found the mud flap and guard near the left tandem wheel of the tractor to be bent and that he found that it had paint on it comparable to the paint on the plaintiff’s pick-up truck. He determined that Billy Joe Tucker was the driver of the tractor trailer truck owned by the defendant Davison and that Tucker told the officer that he did not think he had hit Pusey but that Pusey had said that the truck had sideswiped him and that he had turned around and chased him.
“Mr. Tucker, the Driver of the defendant truck, testified that he was hauling liquid asphalt in the trailer and he does not recall anything about Mr. Pusey until he flagged him down in Lacombe. He acknowledged that the paint was similar and that it could have matched. He stated that he does not recall any impact and that there is no damage to his truck other than the paint on that fender. He acknowledged that the Pusey truck was *1075 damaged at the left door. Mr. Tucker denied being asleep. Mr. Pusey, of course, has testified that there was an accident, that he saw the truck coming and that it turned sharply to the left and that he attempted to get off the road and avoid the collision but that the truck sideswiped him.
Mr. Thomas Callahan also testified. He was a fellow employee of the plaintiff, employed at Pre-Stress Concrete in Mandeville and he testified that he also was going to work on the morning in question and that he was approximately 150 feet behind Pusey. He said he noticed the truck swerve over across the center line, and that he saw Pusey attempt to get out of the way, and that he saw sparks of fire which indicated that there was metal hitting metal.
Callahan then testified that when he came up to Mr. Pusey he thought that Mr. Pusey was dead, but he found that he was just dazed or in shock. Pusey then asks, ‘Who hit me?’, and Callahan said he could simply identify it as a large black tank truck. Pusey testified there were other trucks in between him and defendant’s vehicle while on the way towards Lacombe.
All of the evidence indicates that an accident did take place. Neither Mr. Pusey, nor Mr. Callahan could give a positive identification that the defendant’s vehicle was in fact the vehicle that struck the plaintiff’s truck.
Plaintiff testified that he was struck twice by the defendant’s vehicle, once by the truck’s front wheel and once by the back wheel. The only damage- that Trooper Abadie found was by the back wheel of defendant’s truck. The paint scrapings found on defendant’s truck were never tested to see if it did in fact come from plaintiff’s vehicle. The Court finds that the plaintiff was involved in an accident on the morning of May 27, 1970, but that the plaintiff has not proved by a preponderance of the evidence that it was in fact the defendants’ vehicle that struck him. For these reasons the Court will dismiss the plaintiff’s case at his cost.”
Plaintiff concedes that he bears the burden of proving that it was defendants’ truck that collided with his. However, he contends that the trial judge erred in failing to give greater weight than he did to the testimony of Trooper Abadie who expressed the opinion that defendants’ truck had indeed struck plaintiff’s vehicle.
In rebuttal to this assertion, defendants submit that the decision of the district judge is correct when other factors are considered, viz: Plaintiff claims that he was struck twice, first by the left front wheel of the truck, and second by its left rear wheel; whereas, there was no damage to the left front of the tank-truck. Further, notwithstanding the above noted conclusion of Trooper Abadie, this officer did not issue a traffic citation to Tucker for he felt that the circumstances did not warrant his doing so. Even though this officer thought that the paint scrapings on the truck were comparable with the paint on plaintiff’s vehicle, he could not recall the color of the latter. In addition, Trooper Abadie was quite positive that he had asked plaintiff if there were any witnesses to the accident and that plaintiff had replied in the negative. Yet, Callahan appeared as a witness on behalf of plaintiff as the latter’s eyewitness.
Defendants also argue that the size (55 feet in length) and weight (74,000 lbs.) of the tank truck, traveling at a speed of 55 m.p.h., negates the very thought of it having struck plaintiff’s vehicle without having “knocked” the latter off the highway, inflicting far more damage than was done.
The trial judge did not expressly state that these factors were the basis for his decision. Nonetheless, they are supported by the record and do form a reasonable basis for the rejection of plaintiff’s claim. We do not find manifest error in the conclusion reached by the trier of fact"and therefore affirm the decision appealed.
AFFIRMED.