FORET, Judge.
Plaintiffs, Leamon Rodriguez and Randall Deshotel, filed a tort action against D.C. Cloud, Bruce Stanley, Shelter Insurance Company, Security Insurance Group, and Fire & Casualty Insurance Company of Connecticut. Shelter filed a third party demand against D.C. Cloud and Bruce Stanley. Prior to trial, plaintiffs settled with Shelter,[1] and the remaining claims *67 sent to trial on January 27, 1986 and May 14, 1986. By judgment rendered October 8, 1986, the trial court dismissed, with prejudice, the main demand filed by plaintiffs, as well as the third party demand filed by Shelter. Rodriguez, Deshotel and Shelter have devolutively appealed this judgment.
On December 22, 1983, sometime between 6:00 and 6:30 A.M., Leamon Rodriguez was driving his 1981 Datsun pickup truck on La. Hwy. 165, proceeding in a northerly direction and accompanied by his son-in-law, Randall Deshotel, and his son, Don Rodriguez. Weather conditions at the time were poor. Several witnesses testified that it was still somewhat dark and a misty rain was falling at the time. Plaintiffs testified that as the truck approached the Soloman Truck Stop, located less than one mile south of Oakdale, a log truck loaded with pulpwood suddenly appeared in the road, having entered Highway 165 from a driveway or access road located immediately in front of the truck stop. Leamon Rodriguez states that his truck was no more than thirty to forty feet away when he first noticed the log truck in the road and that the log truck was in the process of completing a left-hand turn in order to proceed north on Hwy. 165. Despite Rodriguez’s evasive efforts, the pickup truck collided with the rear portion of the log truck, causing one or more logs to crash through the windshield of the Rodriguez truck. The log truck then pulled the Rodriguez vehicle down the road for a short distance before the Rodriguez vehicle finally disengaged on the right side of the highway at a point located approximately one hundred feet north of the so-called Vanply Road. The log truck then continued down Highway 165, without stopping, and within minutes after the accident took place, two men in a brown pickup truck pulled over to see if Leamon Rodriguez and his passengers were all right. Leamon Rodriguez and Deshotel testified at trial that when the brown truck pulled over they were still able to see the log truck as it continued down the road and they therefore asked the occupants of the brown pickup truck, whose names are unknown, to go after the log truck and advise the driver of the occurrence of the accident. According to Deshotel, the occupants of the brown truck returned approximately ten minutes later and stated that they were unable to stop the log truck but that they had observed the words, “D.C. Cloud” printed on the side of the truck. This is verified by the testimony of Officer Johnny Ross, an Oakdale city policeman, who testified that the occupants of the brown pickup truck waived him over and informed him that there had been an accident involving one of D.C. Cloud’s trucks and that they were in the process of trying to catch up to the truck.
It is undisputed that a log truck owned by D.C. Cloud was parked at Soloman Truck Stop the night before the accident and that this truck, loaded with pulpwood, was to be driven by defendant, Bruce Stanley, the following morning. This log truck had the words “D.C. Cloud” printed on its doors and, on the morning of the accident, Bruce Stanley did, in fact, travel north on Highway 165, as he was hauling pulpwood to DeRidder.
Plaintiffs allege that Bruce Stanley was the driver of the log truck involved in the accident and that he was operating it in the course and scope of his employment with D.C. Cloud at the time of the accident. Defendants, Security Insurance Group and Fire & Casualty Ins. Co. of Connecticut, are sued as liability insurers of D.C. Cloud.
Several issues are presented for our consideration on appeal:
(1) Did the trial court commit manifest error in finding that it had not been demonstrated by a preponderance of the evidence that the log truck in question was driven by Bruce Stanley and owned by D.C. Cloud?
(2) Did the trial court err in failing to determine the amount of damages awardable to Leamon Rodriguez and Randall Deshotel as a result of the subject accident?
(3) Was coverage afforded under the liability policy issued by Fire & Casualty Ins. Co. of Connecticut?
*68 (4) In a trial proceeding, should a witness be questioned by only one attorney for each party?
Several witnesses testified on behalf of plaintiffs and defendants herein. After carefully reviewing this testimony, the trial court determined that it had not been shown, by a preponderance of the evidence, that the log truck involved in the subject accident was driven by Bruce Stanley and owned by D.C. Cloud. For the reasons hereinafter set forth, we find no manifest error in the trial court’s decision in this regard.
On the morning of the accident in question, Reed Stanley, Bruce Stanley, Harold Cloud and Thomas Miller, were riding as passengers in a crew cab truck driven by D.C. Cloud, followed by Louis Laird and Betty Cloud, each of whom were driving log trucks for D.C. Cloud. Reed Stanley, D.C. Cloud, Louis Laird, Thomas Miller and Betty Cloud all testified that as they proceeded south down Highway 165, they observed a small red pickup truck on the east side of the highway with two or three men standing around outside the truck. Specifically, they testified that the truck was located approximately one hundred feet north of the intersection of the Vanply Road and Hwy. 165 which, as the record reflects, is the point of rest of the Rodriguez vehicle. According to the testimony of these witnesses, the crew cab and the log truck driven by Betty Cloud stopped at Soloman Truck Stop. Reed Stanley and D.C. Cloud stated that they arrived at approximately 6:00 A.M. D.C. Cloud and his crew remained at the truck stop for approximately ten to fifteen minutes and then proceeded down Vanply Road where they dropped off Harold Cloud. Reed Stanley and Thomas Miller both testified that they once again observed the red truck as they turned onto Vanply Road from Hwy. 165 and they also testified that the red truck was still there when they came back down Vanply Road. We should also make note of the fact that there are, as the trial court noted, several Cloud families in the area who are engaged in the logging business and who own trucks similar to the one driven by Bruce Stanley. In fact, D.C. Cloud testified that his two sons, D.C. Cloud, Jr. and Benny Cloud are engaged in the logging business and that they own several log trucks, all of which have the name “Cloud” on the doors. Additionally, D.C. Cloud testified that approximately six months prior to the accident in question he sold one of his log trucks to his sons and that this log truck had “D.C. Cloud” on the door. In view of this evidence, as well as other supporting evidence adduced at trial, we can find no manifest error in the trial court’s determination that it had not been demonstrated, by a preponderance of the evidence, that the log truck in question was driven by Bruce Stanley and owned by D.C. Cloud. Having affirmed the trial court’s decision with regard to the identity and ownership of the truck in question, we need not discuss the remaining issues presented on appeal.
For the reasons set forth above, the judgment of the trial court is affirmed, with all costs of this appeal to be paid by plaintiffs-appellants.
AFFIRMED.

. On January 23, 1986, Leamon Rodriguez and Randall Deshotel settled with Shelter Ins. Co., who is the UM carrier of the vehicle owned by Rodriguez and involved in the subject accident. In consideration for such settlement, Shelter was subrogated to “all rights, claims and causes of action" which said parties have or may have against Bruce Stanley, D.C. Cloud, Security Insurance Group, and Fire & Casualty Ins. Co. of Connecticut. See Shelter 3 and Shelter 4 introduced into evidence at trial.