MICHAEL E. KIRBY, Judge.
| defendant, Safeway Insurance Company of Louisiana (“Safeway”), appeals the trial court judgment in favor of plaintiffs, Kenneth Bradley, Jr. and Jennifer Bradley, and against Safeway, in the amount of $4,500.00 in general damages and $3,545.00 in special damages, for a total of $8,045.00 plus legal interest from date of judicial demand until paid and all costs of the proceedings.
On March 14, 2006, plaintiffs filed a petition for damages in the First City Court for the City of New Orleans. The defendants named in the petition were Safeway, Jeffrey Johns and AIG National Insurance Company (“AIG”). In their petition, plaintiffs alleged that on April 4, 2005, Kenneth Bradley was driving on Dauphine Street in New Orleans when his vehicle was struck from the rear by a vehicle driven by Jeffrey Johns. Kenneth Bradley alleged that he sustained damages as a result of this accident, and that Jennifer Bradley has incurred or will incur expenses to repair the vehicle operated by Kenneth Bradley at the time of the accident. Plaintiffs alleged that Safeway provided insurance for Jeffrey Johns and AIG provided uninsured/underinsured motorist insurance for plaintiffs.
|2Following trial, the trial court rendered judgment in favor of plaintiffs and against Safeway, in the total amount of $8045.00 plus legal interest from date of judicial demand until paid and all costs of the proceedings. Safeway now appeals.
On appeal, Safeway presents three assignments of error:
(1) The trial court erred in concluding that the vehicle owned by Safeway’s insured, Jeffrey Johns, was involved in the subject accident;
(2) The trial court erred in admitting into evidence a statement from a witness who did not testify at trial regarding the ownership of the vehicle that allegedly struck the Bradley vehicle, which constitutes classic hearsay evidence and should have been excluded; and
(3)The trial court erred in concluding that the vehicle that allegedly struck plaintiffs’ vehicle was driven by Safeway’s insured or any other person who might have had his permission to drive that vehicle.
The plaintiff seeking damages in a civil action must prove each element of his claim by a preponderance of the evidence. Erwin v. State Farm Mutual Automobile Insurance Company, 34,127 (La.App. 2 Cir. 11/1/00), 771 So.2d 229, 232. In Brown v. Unknown Driver, 2005-0421, p. 3 (La.App. 4 Cir. 1/18/06), 925 So.2d 583, 586, this Court stated as follows:
It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless its finding of fact is “clearly wrong;” where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Nevertheless, when the court of appeal finds that a reversible error of law or manifest error of material fact was made by the trial court, it is required to redetermine the facts de novo from the entire record and render a judgment on the merits. Id. at 844 n. 2.
| sAt trial, AIG and Safeway introduced into evidence the insurance policies issued to Jennifer Bradley and Jeffrey Johns respectively. Plaintiffs introduced into evidence the medical records of Kenneth Bradley, a copy of the estimate of damages *3 to plaintiffs’ vehicle and photographs of the other vehicle allegedly involved in the accident. Kenneth Bradley, Jr. testified that he was involved in a car accident on April 4, 2005. In describing how the accident occurred, he stated that his vehicle was struck by a green Jeep driven by a “young white male.” He testified that when he got out of the car to inspect the damage, the driver of the Jeep drove off. Mr. Bradley called the police, and when they arrived, he gave the officer the license plate number of the Jeep. He testified that the police officer conducted an investigation using the license plate number that he provided. When asked if he learned from the police officer what kind of vehicle was involved in the accident, counsel for Safeway objected to the question, arguing that it called for hearsay. The trial court overruled the objection, finding that plaintiffs’ counsel asked Mr. Bradley if he learned anything from the police investigation, but she did not ask him what the police officer said to him.
Plaintiffs’ counsel then asked Mr. Bradley if he learned the identity of the registered owner of the Jeep. Counsel for Safeway reiterated his hearsay objection, and the trial court again overruled the objection, stating that plaintiffs’ counsel only asked him if he learned the information, and did not ask him whether anyone told him the information. At that point, Mr. Bradley testified that he learned that the registered owner of the Jeep was Jeffrey Johns. He then described the damage to the vehicle he was driving, and also described injuries to his neck and back suffered in the accident and the treatment he received for those injuries. He said | Jennifer Bradley witnessed the accident because she was standing on the corner near the site of the accident waiting to be picked up from her workplace.
On cross-examination, Mr. Bradley stated that he was not able to identify the other driver other than to say that he was a white male with blonde or light brown hair. He admitted that the police officer gave him the name of the registered owner of the Jeep based on the license plate number, but he could not say who was driving the car at the time of the accident. He had never seen the driver before the accident, and has not seen him since that time.
The next witness was Jennifer Bradley, Kenneth Bradley’s wife. She testified that she witnessed the accident involving Kenneth Bradley on April 4, 2005. Mrs. Bradley corroborated Mr. Bradley’s testimony as to how the accident occurred. She stated that she wrote down the license plate number of the other vehicle before the other driver left the scene of the accident. When Mrs. Bradley was asked what she learned as a result of the police investigation, counsel for Safeway once again raised a hearsay objection, which was overruled by the trial court. She testified that she learned that the owner of the other vehicle was Jeffrey Jones.[1]
Lenny Soileau, a claims adjuster for Safeway, was the next witness. He inspected the Jeep that was allegedly involved in the April 4, 2005 accident, and found no evidence that the vehicle had been involved in a collision. His investigation took place approximately ten days after the accident. He also said that were no sign that repairs had been made to the vehicle. He admitted on crossjexamina-tion6 that it is possible that the vehicle he inspected could have been involved in a very minor accident.
At the conclusion of trial, the trial court stated its finding that the testimony sub *4 stantiated the fact that there was a license place number given for a green Jeep. Pictures of the green Jeep were introduced into evidence. The trial court found that the evidence also established that Safeway’s insured, Jeffrey Johns, was the owner of the Jeep, and Safeway did not put forth any evidence proving that there was an uninsured driver operating the vehicle at the time of the accident. The court found no liability on the part of AIG, plaintiffs’ uninsured/underinsured motorist carrier, because the liable driver carried enough insurance for the damages sustained by plaintiffs in the accident.
With regard to Safeway’s argument that the trial court erred in concluding that the vehicle owned by Jeffrey Johns was involved in the subject accident, we note that although the trial court did not state this particular conclusion in its oral reasons for judgment, it is obvious from the trial court’s judgment that this conclusion was made. Mr. Soileau testified that he found no evidence that the vehicle at issue had been involved in a collision or had been repaired. However, he admitted on cross-examination that it was possible that the vehicle had been involved in a minor collision. Where there are two permissible views of the evidence, the factfin-der’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Mr. Soileau’s testimony would be sufficient to support a finding that the Johns’ vehicle was involved in an accident, but that testimony alone does not establish that the Johns’ vehicle was involved in the accident with the Bradley vehicle on April 4, 2005.
| (While Safeway does not dispute that it insured Mr. Johns at the time of the accident or that Mr. Johns is the owner of a green Jeep, the only evidence linking Mr. Johns or his vehicle with the accident at issue is plaintiffs’ testimony that they learned Mr. Johns’ identity after providing the police officer with the license plate number of the other vehicle involved in the collision. The trial court overruled defense counsel’s objections when plaintiffs’ counsel asked plaintiffs if they learned the identity of the other driver after providing the police officer with the license plate number of the other vehicle. Defense counsel argues on appeal that plaintiffs’ testimony as to the identity of the owner of the other vehicle was based on inadmissible hearsay.
Article 801(C) of the Louisiana Code of Evidence defines hearsay as “a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.” Article 802 states that hearsay is not admissible except as otherwise provided by the Code of Evidence or other legislation.
We find that the statements offered at trial regarding the identity of the driver of the other vehicle are based on inadmissible hearsay and should have been excluded by the trial court.[2] The statement made to plaintiffs by the police officer regarding the identity of the driver of the other vehicle was offered into evidence to prove the truth of the matter asserted, i.e. that the vehicle owned by Mr. Johns was the one that collided with the Bradley vehicle on April 4, 2005. The testimony by plaintiffs as to the other driver’s identity was not based on their own personal knowledge. There was no testimony that either Mr. Bradley or Mrs. Bradley knew |7Mr. Johns, and Mr. Bradley provided only a *5 very general physical description of the other driver. The police officer who allegedly learned Mr. Johns’ identity through the license plate number provided by plaintiffs did not testify at trial, and the police report of the accident was not introduced into evidence. Plaintiffs did not testify as to what the license plate number was, a fact acknowledged by the trial court in oral reasons for judgment.
The trial court overruled Safeway’s hearsay objections, finding that plaintiffs counsel only asked if plaintiffs learned anything from the police investigation, but did not ask what the police officer said. We find this to be a distinction without a difference. The result of the overruling of the hearsay objections is that plaintiffs were allowed to offer evidence of a statement from someone who did not testify at trial to prove the truth of the matter asserted, i.e. that Mr. Johns was the owner of the vehicle involved in the collision with the Bradley vehicle. The trial court erred in allowing this hearsay testimony. The admissible evidence presented by plaintiffs was not sufficient to carry their burden of proving that the vehicle owned by Mr. Johns and insured by Safeway was the one that collided with their vehicle. Thus, the trial court erred in rendering judgment against Safeway. See Peters v. Warren, 2002-0592 (La.App. 4 Cir. 9/11/02), 828 So.2d 67.
Because of our conclusion that the trial court judgment must be reversed due to plaintiffs’ failure to prove that the vehicle owned by Mr. Johns and insured by Safeway was the one that collided with the Bradley vehicle, we need not address the assignment of error regarding permissive use of the vehicle. For the reasons Instated above, we reverse the trial court judgment and render judgment in favor of Safeway, dismissing plaintiffs’ claims against that defendant.
REVERSED AND RENDERED.
BELSOME, J., dissents with reasons.

. Mr. Bradley stated that the owner’s name was Jeffrey Johns.

. The statements at issue do not fall within any of the exceptions to the hearsay rule listed in the Code of Evidence.