Judgment rendered March 30, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,262-CA
No. 54,263-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

No. 54,262-CA

LAPORSCHA TERRELL
    Plaintiff-Appellant

versus

NEW ALLIANCE INSURANCE
BROKERS, INC., ET AL., &
KEYNNECT LOGISTICS
AND RIDER GONZALES
    Defendants-Appellees

No. 54,263-CA

KALYN SMITH
    Plaintiff-Appellant

versus

NEW ALLIANCE INSURANCE
BROKERS, INC., ET AL., &
KEYNNECT LOGISTICS
AND RIDER GONZALES
    Defendants-Appellees

* * * *

Appealed from the
Ruston City Court for the
Parish of Lincoln, Louisiana
Trial Court Nos. 54021 and 54022

Honorable Danny W. Tatum, Judge

* * * * *

IVAN J. DAIGS                          Counsel for Appellants

THOMAS, SOILEAU, JACKSON               Counsel for Appellees
& COLE, L.L.P.
By: Steven E. Soileau

* * * * *

Before STONE, COX, and O'CALLAGHAN (*Pro Tempore*), JJ.

**O'CALLAGHAN, J. (*Pro Tempore*)**

The plaintiffs, LaPorscha Terrell and Kalyn Smith, appeal from a trial court judgment finding they failed to establish that the defendants were liable to them for injuries sustained in a motor vehicle accident. For the following reasons, we affirm the trial court judgment.

## FACTS

Terrell and Smith were students at Grambling State University. On April 17, 2019, they left a Walmart store in Ruston after buying supplies for a birthday party for a sorority sister. They claimed that, at 10 p.m., they were driving back to campus, westbound on I-20, in the right-hand lane, when an 18-wheeler, in the left-hand lane, also traveling westbound, crossed over into their lane and sideswiped them. They pursued the driver of the vehicle, who eventually stopped. Police were called. After speaking to the police, the plaintiffs went to the party and stayed approximately two hours.

On April 30, 2020, Terrell and Smith filed separate suits in Ruston City Court against New Alliance Insurance Brokers, Inc. ("New Alliance"), Keynnect Logistics ("Keynnect"), and Rider Gonzalez.[1] They alleged that, at the time the accident occurred, Gonzalez "was driving a 2011 Volvo Tractor, (18-wheeler), bearing VIN [vehicle identification number] number 4V4NC9EH9BN52901 and FL license plate CA99VS." They asserted that Keynnect was a trucking business owned by Gonzalez and that he maintained a policy of liability insurance issued by New Alliance. They

---

[1] The legal deadlines applicable to legal proceedings in all Louisiana courts were suspended during the State Emergency for Covid-19. See pertinent emergency proclamations 30 JBE 2020 and 41 JBE 2020.

claimed that Gonzalez merged into their lane causing the accident and their injuries. The suits were consolidated in the trial court on May 22, 2020.

After answering the suit, New Alliance filed a motion for summary judgment claiming that it was an insurance broker, not an insurance company, and a direct action could not be maintained against it. New Alliance denied involvement in the claims raised in this suit. The trial court granted summary judgment in favor of New Alliance, dismissing the plaintiffs' claims against the company with prejudice. Keynnect and Gonzalez remained in the suit.

On August 25, 2020, Keynnect and Gonzalez filed a declinatory exception and motion for involuntary dismissal asserting that the plaintiffs failed to serve them with the suit within 90 days of filing. They requested an involuntary dismissal. On December 2, 2020, the exception and motion to dismiss were denied. The plaintiffs were ordered to make service under the long arm statute as soon as possible.

On December 3, 2020, Keynnect and Gonzalez filed an answer to the plaintiffs' petitions in which they stated, "It is admitted that Keynnect Logistics is a trucking business and Rider Gonzalez was operating a 2011 truck," and "Rider Gonzalez was operating a 2011 Volvo tractor on Interstate 20 in Ruston, Lincoln Parish, Louisiana." All other allegations were denied.

On March 10, 2021, the case was tried. Smith testified by videoconferencing, and Terrell testified in person.[2] They both stated that an

---

[2] Smith, who lived in Texas, had car trouble and was unable to make it to Ruston for court. The trial court allowed her to testify by videoconferencing, over the objection of the defendants.

18-wheeler merged into their lane on the interstate, they were injured, and they were treated by chiropractors.  They introduced their medical records and bills into evidence.  No evidence or testimony concerning the identity of the driver of the 18-wheeler, which 18-wheeler was involved, or the ownership of that vehicle was introduced at trial.

At the close of the testimony, the court called for briefs to be submitted.  At that point, the defendants' attorney stated in court:

> [I]n the brief I'm going to point out that the names of my clients [were] not mentioned, not one time today in evidence and there's no proof that my clients were involved in this accident. That's a problem for the plaintiff.  And I just want fair warning to the Court and opposing counsel.  None of that evidence was brought up and there's no admissions and stipulations about anything.

On April 1, 2021, the trial court filed its written reasons for rendering judgment in favor of the defendants.  The trial court noted that the plaintiffs alleged in their petitions that their vehicle was negligently struck by an 18-wheeler driven by Gonzalez.  The plaintiffs also alleged that Gonzalez was employed by Keynnect and New Alliance was the insurer.  These parties were named as defendants.  The defendants answered and denied the plaintiffs' allegations.

The court pointed out that none of the defendants were present at trial. At trial, only Terrell and Smith testified and neither named nor identified the defendants.  No testimony or documentary evidence was offered to establish a causal connection with the defendants.  The court observed that only the defendants submitted a post-trial brief.  The court adopted the cases referenced in the defendants' brief, dealing with failure to carry the burden of proof in a motor vehicle accident case, and found that the plaintiffs did not present sufficient evidence to establish, by a preponderance of the

3

evidence, a causal connection to any named defendant. Because the plaintiffs failed to prove their right to recover against Keynnect and Gonzalez, the trial court found there was no reason to discuss damages. On May 10, 2021, the trial court signed a judgment in favor of Keynnect and Gonzalez, dismissing the plaintiffs' claims against the defendants with prejudice.

## PROOF OF CLAIM

The plaintiffs appealed, arguing that the trial court erred in dismissing their claims. The plaintiffs maintain that they carried their burden of proving, by a preponderance of the evidence, that they are entitled to recover for their personal injuries in this matter. This argument is without merit.

### Legal Principles

The plaintiff seeking damages in a civil action must prove each element of his claim by a preponderance of the evidence. *Erwin v. State Farm Mut. Auto. Ins. Co.*, 34,127 (La. App. 2 Cir. 11/1/00), 771 So. 2d 229, *writ denied*, 00-3285 (La. 2/2/01), 784 So. 2d 6. *See also Willis v. Manning*, 37,259 (La. App. 2 Cir. 6/25/03), 850 So. 2d 983. Proof by preponderance of the evidence means that the evidence, when taken as a whole, shows that the fact to be proven is more probable than not. *Erwin v. State Farm Mut. Auto. Ins. Co.*, *supra.* If the party bearing the burden of proof fails to satisfy his burden by a preponderance of the evidence, his case fails to outweigh his opponent's case and he necessarily loses. *Miller v. Leonard,* 588 So. 2d 79 (La. 1991); *Erwin v. State Farm Mut. Auto. Ins. Co.*, *supra.*

In all civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a trial court's finding of fact unless that finding

4

is clearly wrong in light of the record reviewed in its entirety. *Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC,* 14-2592 (La. 12/8/15), 193 So. 3d 1110; *Harper v. State Farm Mut. Auto. Ins. Co.*, 50,728 (La. App. 2 Cir. 6/22/16), 198 So. 3d 168. Thus, a reviewing court may not merely decide if it would have found the facts of the case differently. *Hayes Fund for First United Methodist Church of Welsh, LLC, supra*; *Harper*, *supra*. In reversing a factfinder's determinations, the appellate court must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court's conclusion, and the finding must be clearly wrong. *Stobart v. State through Dept. of Transp. & Dev.,* 617 So. 2d 880 (La. 1993).

This test requires a reviewing court to do more than simply review the record for some evidence which supports or controverts the trial court's findings. The court must review the entire record to determine whether the trial court's finding was clearly wrong or manifestly erroneous. *Hayes Fund for First United Methodist Church of Welsh, LLC, supra*; *Harper*, *supra*. The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Stobart, supra.*

## Discussion

According to the plaintiffs, they proved their right to recover against the defendants. This argument is simply not supported by the record. In their petitions, Terrell and Smith alleged that they were injured when Gonzalez, driving a 2011 Volvo 18-wheeler, merged into their lane on the interstate. They listed the VIN and the Florida license plate number of the vehicle. They also alleged that Keynnect was a trucking business operating

5

out of Florida, it was owned by Gonzalez, and he maintained a liability insurance policy with New Alliance. Notably, the petition does not allege that the truck was owned by Keynnect or that Gonzalez was working for Keynnect at the time of the accident.

At trial, in support of their claims against the defendants, the plaintiffs offered only their own testimony and submitted their medical records and bills. Smith testified that, on the evening of the accident, she was a passenger in a car driven by Terrell. They left a Walmart store and were on the interstate heading back to campus to a party when they were hit. Smith described the vehicle that hit them as follows, "It was like a big white – like a 18 wheeler type of truck – like they – like a diesel truck type thing. All I know it's a big truck." Terrell did not completely lose control of her vehicle. They caught up with the trucker and flagged him down. The police were called and Smith gave them her statement. She did not talk to the truck driver.

Smith claimed she had pain in her knees immediately after the accident and she sought medical treatment with a chiropractor, Dr. Robert C. Rendina, on April 30, 2019. This was 13 days after the accident and the appointment was set up by her attorney. Her last visit with Dr. Rendina was on May 3, 2019. She did not receive any medical treatment for more than one month. Smith began receiving treatment from Halsell Chiropractic in Burleson, Texas, on June 24, 2019, when she went home for the summer. In Texas, the chiropractor treated her for a whiplash injury, even though she only complained of pain in her knees. She said the chiropractor in Texas determined that she had a whiplash injury. Smith's medical records were admitted into evidence.

On cross-examination, Smith testified that she did not see the impact and went to the birthday party after the accident. She said the accident did not prevent her from keeping up with her daily activities. She worked in retail at Macy's while at home in Texas after the accident. Smith returned to school at Grambling when the summer was over.

Terrell testified that she was driving her vehicle on the interstate at around 10 p.m. when the accident occurred. She said an 18-wheeler from the left lane merged into her lane. She followed the truck and blew her horn until he stopped. She said the driver offered her $200, with the promise of more money later, if she would not report the accident. Terrell said that Smith called the police. On questioning from the court, Terrell stated that the driver's side front door and passenger door, as well as the rear tire on her car, were damaged in the accident.

Later that night, after going to the birthday party, Terrell said she experienced pain in her neck, shoulder, and lower back. She claimed she went to an emergency room that night and was given two prescriptions for pain medication. She did not furnish the records from the emergency room visit or document the prescriptions. Like Smith, Terrell went to Dr. Rendina on April 30, 2019. This appointment was also arranged by her attorney. Dr. Rendina treated Terrell through October 2019. She felt her injuries had improved. She stated that her injuries did not prevent her from carrying on her daily activities. She graduated with a master's degree in May 2020.

Terrell also sought treatment from a medical doctor at Willis-Knighton in Shreveport. She saw a medical doctor there in May and August 2019, and in January and August 2020 for medical issues not connected with the accident. Her medical records from Willis-Knighton reflected that she

7

denied having back or neck pain. She stated that she did not mention it because she was already receiving treatment for those complaints from the chiropractor.

Other than the testimony of the plaintiffs and the introduction of their medical records and bills, no other proof of their claims was presented to the trial court. No evidence was submitted to prove the identity of the driver of the truck, which truck was involved in the accident, the ownership of the truck, whether Gonzalez actually owned Keynnect, or whether the driver of the truck was employed by that business. Even though Terrell and Smith stated that, when the accident occurred, the police were called, they failed to call the responding law enforcement officer to testify. They also did not seek to introduce the accident report prepared by the police. While the plaintiffs included in their petition the VIN and license plate number of the truck they claim was involved in the accident, they did not provide proof at trial that the truck driven by Gonzalez had that VIN and license plate number. Regarding proof of any party or parties responsible for causing the accident, the record contains only Smith's testimony that they were sideswiped by a "big, white 18-wheeler" and Terrell's testimony that her car was struck by an 18-wheeler.

Simply stated, there was not one scintilla of evidence that Gonzalez was driving the truck that hit the plaintiffs, that the truck was owned by Keynnect, or that Gonzalez was working for Keynnect at the time of the accident. Given the utter lack of proof of the plaintiffs' claims, the trial court was not manifestly erroneous or clearly wrong in finding that the plaintiffs failed to prove the elements of their claims by a preponderance of the evidence and rendering judgment in favor of the defendants.

On appeal, Terrell and Smith offer various arguments to assert entitlement to recovery in spite of their failure to prove their claims. They urge that Gonzalez's answer was not timely and, as a result, admitted all allegations made in the plaintiffs' petitions.[3] This argument is without merit. The plaintiffs filed suit on April 30, 2020, but did not request service of citation on the defendants until October 2, 2020. Service was made on Gonzalez on November 5, 2020, and on Keynnect on November 13, 2020. Prior to filing their answer, the defendants filed an exception and motion for involuntary dismissal under La. C.C.P. art. 1672, asserting that the plaintiffs failed to request service of citation within 90 days of commencement of the action, as required by La. C.C.P. art. 1201. The trial court denied the exception and motion for involuntary dismissal. Under La. C.C.P. art. 1001, when an exception is filed prior to answer and is overruled, the answer shall be filed within 15 days of that judgment.[4] The exception in this case was overruled on December 2, 2020, and the defendants answered on December 3, 2020. The defendants' answer was timely.

The plaintiffs argue that the defendants admitted the allegations of the petition, and they judicially confessed liability.[5] According to the plaintiffs,

---

[3] The plaintiffs cite La. C.C.P. art. 1004 in support of their argument. That provision has no application to the timeliness of the filing of an answer.

[4] La. C.C.P. art. 1001(B) states:

> When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within fifteen days after the exception is overruled or referred to the merits, or fifteen days after service of the amended petition.

[5] La. C.C. art. 1853 provides, in part:

> A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.

9

the "defendant, singular," admitted that Gonzalez was driving defendant's vehicle and that he was driving a vehicle consistent with the type of vehicle identified in the petition and testified to by both witnesses. This argument is not supported by the record. The only "defendant, singular" that answered the petition was New Alliance, the purported insurer that was actually an insurance broker and was dismissed on summary judgment because it was not the insurer of the defendants. There was never any allegation that the truck was owned by New Alliance.

If the plaintiffs meant to refer to Keynnect, instead of New Alliance, their argument still fails. Keynnect never admitted that it owned a vehicle involved in this accident. In the answer, the defendants admitted that Keynnect is a trucking business and Gonzalez was operating a 2011 truck. They also admitted that Gonzalez was operating a 2011 Volvo tractor on Interstate 20 in Ruston, Lincoln Parish. They did not admit that Gonzalez owned Keynnect, that he was employed by the business, that the truck involved in the accident was owned by Keynnect, that Gonzalez was operating the truck on the date of the accident, or that the truck driven by Gonzalez was involved in this accident. The answer denies those allegations. Therefore, in the answer, the defendants did not admit or judicially confess facts necessary to impose liability on them for this accident.

The plaintiffs also assert that, in the defendants' pretrial brief, Gonzalez did not deny being involved in the accident, but denied negligence or fault in causing it. This argument is not supported by the record. The pretrial brief states:

[Terrell] claims that Rider Gonzalez was operating a vehicle for Keynnect Logistics and that he swerved into her lane and caused a collision. Gonzalez denied any negligence or fault in causing the accident.

In the conclusion of the pretrial brief, the defendants state:

Plaintiffs are not likely to be able to carry their burden of proving negligence or fault on the part of Rider Gonzalez or Keynnect Logistics causing the accident.

The defendants' pretrial brief does not contain an admission or judicial confession that they were involved in the accident.

The plaintiffs claim the present case is similar to *Johnson v. Jim Brownlee, Inc.*, 13 La. App. 86, 127 So. 127 (La. App. 2 Cir. 1930), which dealt with whether the driver of a vehicle, owned by his employer, was working for the employer at the time of an accident. The plaintiffs seem to reason that they proved Gonzalez was operating a vehicle owned by Keynnect and the burden of proof then shifted to Gonzalez to prove he was not on a mission for Keynnect. They state that, under these circumstances, the identity of the defendant was not at issue and the name of the person involved in the accident was no longer pertinent or material. According to the plaintiffs, dismissing the lawsuit for failure to identify the driver involved in the accident is "tantamount to hiding the ball." The plaintiffs' argument is without merit. The defendants did not admit or judicially confess that Keynnect owned the vehicle involved in the accident. The plaintiffs failed to prove which truck was involved in the accident, who owned it, and who was driving it. Without proof of any of these basic elements of the plaintiffs' claims, the case of *Johnson v. Jim Brownlee, Inc.*, *supra*, is simply inapposite to the present case.

The plaintiffs maintain that the trial court should have assessed the degree or percentage of fault among the parties involved, or to an unknown third party, citing La. C.C. art. 2323 for the proposition that fault could have been assessed to a third party. Here, the plaintiffs failed to establish that any party was responsible for causing an accident. The trial court did not err in failing to apportion fault.

The plaintiffs argue that, once valid identification of the vehicle involved in the accident was made, it was not necessary for them to prove that the owner of the vehicle was driving it at the time of the accident. They claim there is a reasonable inference that the owner, or someone authorized by him, was driving the vehicle at the time the accident occurred. Then, the defendants were required to come forward with evidence to refute that inference. They cite *State Farm Mut. Auto. Ins. Co. v. Smith*, 99-121 (La. App. 5 Cir. 6/1/99), 738 So. 2d 131, in support of this argument.

*Smith* does not apply to this case. In *Smith*, a witness to the accident wrote down the license plate number of the car that she saw rear-end the plaintiff. Police determined that the vehicle belonged to the defendant, who claimed that the car had been stolen, and neither he nor anyone authorized by him was driving the car when the accident occurred. The trial court did not believe the defendant's testimony. As stated above, the plaintiffs here simply failed to prove that the truck driven by Gonzalez was involved in the accident. Without valid identification of the vehicle involved in the accident, *Smith* has no application to the present case.

The plaintiffs assert that the doctrine of *res ipsa loquitor* should be applied here. They do not explain their understanding of that rule, but contend that, because the defendants admit driving a vehicle that falls in the

12

same category as that identified by the plaintiffs, *res ipsa loquitor* applies and "fills in any perceived gap in the evidence."

As explained in *Linnear v. CenterPoint Energy Entex/Reliant Energy*, 06-3030 (La. 9/5/07), 966 So. 2d 36, the doctrine of *res ipsa loquitur* applies in cases where the plaintiff uses circumstantial evidence alone to prove negligence by the defendant. The doctrine involves the simple matter of a plaintiff's using circumstantial evidence to meet the burden of proof by a preponderance of the evidence and merely assists the plaintiff in presenting a prima facie case of negligence when direct evidence is not available. It is the lack of direct evidence indicating negligence on the part of the defendant as the responsible human cause of the particular accident which actually furnishes the occasion and necessity for invoking the rule in its strict and distinctive sense. *Res ipsa loquitur* does not apply if there is sufficient direct evidence explaining the occurrence and establishing the details of the negligence charged. *See Linnear*, *supra*.

In this case, involving an alleged motor vehicle accident, the plaintiffs could have presented direct evidence of their claims. They simply failed to do so. Where all of the facts and circumstances of an accident are known, the doctrine of *res ipsa loquitor*, and the resulting inference of negligence drawn therefrom, are inapplicable. *Palmer v. Turner*, 252 So. 2d 700 (La. App. 1 Cir. 1971).[6]

---

[6] The jurisprudence contains numerous examples of motor vehicle accident cases in which the plaintiffs failed to carry their burden of proof. *See Willis v. Manning*, *supra*; *Erwin v. State Farm Mut. Auto. Ins. Co.*, *supra*; *Pusey v. Davison*, 340 So. 2d 1073 (La. App. 1 Cir. 1976); *Williams v. Travelers Ins. Co.*, 88 So. 2d 727 (La. App. 1 Cir. 1956); *Rodriguez v. Cloud*, 527 So. 2d 66 (La. App. 3 Cir. 1988); *Bradley v. Safeway Ins. Co. of La.*, 2008-1188 (La. App. 4 Cir. 5/6/09), 17 So. 3d 1, *writ denied*, 09-1226 (La. 9/18/09), 17 So. 3d 968; *Peters v. Warren*, 2002-0592 (La. App. 4 Cir. 9/11/02), 828 So. 2d 67; *Molinary v. Advance Paper Co.*, 321 So. 2d 815 (La. App. 4 Cir. 1975); *Carpenter v.*

After careful review of this record, the absence of any proof whatsoever relating the defendants to this accident compels us to find that the plaintiffs did not carry their burden of proof, and the trial court was not manifestly erroneous or clearly wrong in dismissing the plaintiffs' claims against the defendants.[7]

**CONCLUSION**

For the reasons stated above, we affirm the trial court judgment dismissing the claims of the plaintiffs, LaPorscha Terrell and Kalyn Smith, against the defendants, Keynnect Logistics and Rider Gonzalez. All costs in this court are assessed to the plaintiffs.

**AFFIRMED**.

---

*Kernion*, 304 So. 2d 868 (La. App. 4 Cir. 1974); *Farrell v. Gulf Ins. Co.*, 96-941 (La. App. 5 Cir. 2/25/97), 690 So. 2d 217.

[7] The defendants did not appeal or answer the appeal. However, they listed two "assignments of error" in their brief. They assert that the trial court erred in failing to dismiss the plaintiffs' claims under La. C.C.P. art. 1672(C) because there was insufficient proof that the plaintiffs attempted service and citation within 90 days of filing suit. They also urge that the trial court erred in failing to dismiss the claims of Smith when she failed to appear in person for the trial, citing La. C.C.P. art. 1672. These issues are not properly before the court for review and have no bearing on the outcome of the case. Therefore, they are not addressed. See La. C.C.P. arts. 2121 and 2133.