IjWILLIAMS, Judge.
In this personal injury ease, plaintiffs, Lloyd and Stephanie Cox, appeal a jury verdict in favor of the defendants, Total Petroleum, Incorporated and ITT Hartford Insurance Company. For the reasons assigned below, we affirm the jury’s verdict.
FACTS
On October 8, 1993, Lloyd Cox allegedly slipped and fell in the men’s room of a Total gas station in Bossier City, Louisiana. According to Cox, he was entering the darkened men’s room while simultaneously reaching back to turn on the light switch at the door. Just as he touched the light switch, he slipped in a large amount of standing water on the floor, hit his lower back on buckets stored against the wall, and fell to the floor. After leaving the men’s room, Cox went to the counter where his wife was standing and advised the attendants on duty that he had fallen in the men’s room. An attendant, Deborah Gilley, followed Cox to the men’s room, examined the area, and told' Cox that a leak in the men’s room had been reported to her superiors. Although Cox and Gilley dispute the amount of water in the men’s room and its location, Gilley testified that she mopped up water in the men’s room after Cox told her he had fallen. Cox asked for an accident report, but Gilley could not find one. She also called an eight hundred number, apparently to notify her superiors of the accident, but she did not get an answer. After Cox was unsuccessful in filing a formal complaint about his alleged accident, he went home. He was experiencing pain in his left shoulder and back.
The following day, Cox visited the emergency room of Bossier Medical Center. He was seen by Dr. Mighell who treated him for pain in his left shoulder and lower back. Cox eventually saw a physical therapist, who treated him until November 23, 1993. While undergoing therapy, Cox’s condition seemed to improve, but several days after his release from therapy and treatment, Cox began l2to complain of numbness from his right hip to his foot. Dr. Mighell ordered an MRI which revealed a central and rightward disc herniation with free disc fragment at the L-5, S-l level resulting in spinal stenosis. He referred Cox to Dr. Smith, a neurosurgeon who recommended immediate surgery. Around this time, Cox reported having bladder and bowel problems as well as sexual dysfunction. On December 3, 1993, Cox underwent surgery to remove a disc and fragments that were pressing on the dura and nerve roots in his back. Cox began undergoing treatment for his bladder, bowel, and sexual function problems while recovering from surgery. He continued having problems and undergoing treatment after the spring of 1994.
Cox and his wife, Stephanie, sued Total Petroleum, Inc., and its insurer, ITT Hartford Insurance Company. The plaintiffs claimed that all of Cox’s injuries originated from his fall on October 8,1993, and that the condition of the men’s room floor caused the fall. At the time of the jury trial in February of 1996, Cox’s physicians opined that Cox had sustained a 25% total body disability, including some permanent impairment to his bladder and sexual functions, because of nerve damage in his back. After hearing the evidence, the jury returned a verdict in favor of the defendants. In response to written interrogatories, the jury found that the condition of the gas station premises posed an unreasonable risk of harm to Cox, but that the condition of the premises did not cause Cox to fall. Appellants filed a motion for JNOV based on the jury’s verdict and improper conduct of two jurors during the ■ jury’s deliberation.[1] The trial court denied the motion. This appeal was then lodged.
DISCUSSION
To prevail in a slip and fall case, the plaintiff has the burden of proving he *621 ^slipped and fell due to a condition on defendant’s premises, that the condition posed an unreasonable risk of harm, that the risk of harm was reasonably foreseeable, that defendant had either actual or constructive notice of the condition prior to the occurrence, and that the defendant failed to exercise reasonable care. Billiot v. Cline, 27,396 (La.App.2d Cir. 9/27/95), 661 So.2d 537; writ denied, 95-2595 (La.1/5/96), 666 So.2d 293; See LSA-R.S. 9:2800.6.
In a civil action, the plaintiff bears the burden of proving each element of his claim by a preponderance of the evidence. Southern Message Service, Inc. v. Commercial Union Ins. Co., 26,311 (La.App.2d Cir. 12/7/94), 647 So.2d 398; writ denied, 95-0059 (La.3/10/95), 650 So.2d 1180. Proof by a preponderance of the evidence means that the evidence, when taken as a whole, shows that the fact to be proven is more probable than not. Crowell v. City of Alexandria Through Snyder, 558 So.2d 216 (La.1990); Southern Message Service, Inc. v. Commercial Union Ins. Co., supra.
An appellate court may not set aside a trial court’s or a jury’s finding of fact in the absence of manifest error or unless the finding is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989); Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Thomas v. Bryant, 25,855 (La.App.2d Cir. 6/22/94), 639 So.2d 378. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Stobart v. State of Through the Dept. of Transp. and Development, supra; Thomas v. Bryant, supra.
Where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. When findings are based on determinations regarding the credibility of witnesses, the manifest error-elearly wrong standard demands great deference to the findings of the trier of fact. Credibility determinations are the function and prerogative of the trial court. Stobart v. State Through Dept. of Transp. and Development, supra; Thomas v. Bryant, supra.
In the present case, plaintiffs initially argue that the jury erred in finding that the condition of the gas station premises did not cause Cox to fall, although it found that the condition of the premises posed an unreasonable risk to Cox and, the jury erred in applying a burden of proof greater than the preponderance of the evidence. We choose to address these arguments simultaneously.
Our review of the record reveals that the jury could reasonably have found that plaintiffs did not prove, by a preponderance of the evidence, that the condition of the men’s room caused Cox to fall. The only witness to the alleged accident was Cox himself. At trial, Cox testified that at the time of his fall, he was entering the men’s room at the gas station. Although the room was dark, Cox admitted that the hall light behind him was shining into the men’s room and he could see inside the men’s room from the hall. Cox testified that as he was entering the men’s room, he was also reaching behind him to turn on the light. As the light came on, he slipped and fell in water that was “all over the floor.” Cox testified that before he fell to the floor, his lower right back and buttocks hit two mop buckets which were between the left corner of the men’s room and the door. According to Cox, he ended up on the floor with his feet toward the door. His right pants leg and the lower back of his shirt were wet from the fall.
Cox testified that after his fall, he stood and used the bathroom, and then went to the counter and reported his fall and the condition of the men’s room to the attendant. On the way to the counter, he encountered a gentleman, whom he later discovered was Pete Douglas, and told Douglas about the incident. According to Cox, Douglas looked in the bathroom and thus would have known the condition of the bathroom floor and that Cox’s pants were wet. However, according to Douglas, he did not see Cox in the hall, but saw Cox leaning on the | gbaseboard as he walked into the men’s room. Douglas did not notice that Cox’s pants were wet. Cox asked Douglas’ name and place of employment and told Douglas that he (Cox) “might need him.” Regarding the condition of the *622 floor, Douglas testified that the entire floor was damp, as if it had been mopped, but it was not soaking wet.
During the trial, Cox’s wife, Stephanie Cox, testified that the right leg of Cox’s pants and the lower back portion of his shirt were wet. However, in her deposition, she testified that she did not notice that his shirt was wet.
The two attendants on duty at the gas station at the time of Cox’s alleged fall also testified. Deborah Gilley testified that after Cox told her of his accident, she followed him to the men’s room and observed a small puddle on the floor of the room where the ceiling had leaked when it rained. Gilley stated that it had rained the day of Cox’s alleged accident, but Cox testified that it had not rained. The puddle was located along the same wall as the door, in the opposite corner[2]. Gilley testified that the puddle was undisturbed and that Mr. Cox’s pants were not wet. According to Gilley, after observing the puddle, she brought a mop and bucket into the men’s room and mopped up the puddle. She also testified that no buckets were in the men’s room when Cox allegedly fell. Although the other employee, Doration Harper, did not remember much about the incident, she too testified that she did not observe any wet spots on Cox’s clothes.
Based on the conflicting testimony, the jury could reasonably have found that although water was located somewhere on the floor of the men’s room, it did not cause Cox to fall. The testimony of the other witnesses established that water was not on the floor of the men’s room in the location where Cox said it was, and that there was not any water located in an area of the men’s room where Cox could |6have fallen and still have been ■within range of the light switch. Further, since Cox testified that the men’s room could be seen from the light shining in the hallway, the jury could have found that Cox’s inattentiveness was the cause of his fall rather than the condition of the floor. Based on the record before us, neither of these conclusions is unreasonable under the preponderance of the evidence standard and thus, the jury’s finding that Cox failed to prove that the condition of the men’s room caused his fall is not manifestly erroneous.
Because we have found that the jury’s findings are not manifestly erroneous, we do not reach the plaintiffs third assignment of error, the jury’s failure to award damages.
CONCLUSION
The jury’s conclusion, that the condition of the men’s room did not cause Lloyd Cox to fall, is not manifestly erroneous under a preponderance of the evidence standard. Thus, the jury’s verdict is affirmed and costs of this appeal are assessed against the plaintiffs, Lloyd and Stephanie Cox.
AFFIRMED.

. The denial of the motion for JNOV based on jury misconduct has not been argued or assigned as error on appeal.

. According to diagrams introduced into evidence, the length of this wall was nine feet, nine inches.