771 So.2d 229 (2000)
William C. ERWIN and Mary Jones, Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., Defendants-Appellees.
No. 34,127-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2000.
*230 Charles D. McNeill, Counsel for Appellants.
Charles G. Tutt, Shreveport, Counsel for Appellees William S. Parks and State Farm Mutual Automobile Ins. Co.
Lunn, Irion, Salley, Carlisle, & Gardner by Joseph Martin Lattier, Shreveport, Counsel for Appellee Illinois National Ins. Co.
Before STEWART, GASKINS and CARAWAY, JJ.
STEWART, J.
The plaintiffs, William C. Erwin and Mary Jones, appeal the dismissal of their claims for damages from an alleged hit and run accident. We find no error in the trial court's judgment and affirm.

FACTS
According to the plaintiffs' allegations and trial testimony, they were the victims of a hit and run driver on November 14, 1998 while preparing to exit the parking lot of Super 1 Foods located off Airline Drive in Bossier City. Erwin was driving a Chevrolet Camaro with Jones as his guest passenger. The Camaro was stopped on a flat surface of the parking lot about two car lengths behind a small, white Dodge pick-up with a camper. The Dodge was attempting to enter traffic on Airline Drive and was positioned at a decline in relation to the Camaro. According to Erwin, the driver of the Dodge "rammed his truck in reverse and just come backstraight back," hitting the front end of the Camaro and pushing it almost five feet back. Erwin exited his Camaro and began walking along the side of the Dodge to meet the driver. The Dodge sped off into traffic on Airline Drive before Erwin reached the *231 cab of the truck. While Erwin did not see the driver of the Dodge, he did memorize the license plate number, S052424, which was "burned in [his] memory" as the truck drove off. Erwin wrote the number after getting a scrap of paper and a pen from Jones.
Erwin and Jones reported the incident and the license number of the Dodge to the Bossier City Police. An investigation by the hit and run division of the police department revealed the number belonged to a vehicle registered in the name of William C. Parks and insured by State Farm Mutual Automobile Insurance Company ("State Farm"). Erwin obtained Parks' address, drove to Parks' residence, and saw in the driveway a white Dodge pick-up truck with a camper attached. Erwin was "positive" that it was the truck that had hit his Camaro.
Erwin and Jones filed suit naming Parks and State Farm as defendants, along with Erwin's uninsured motorist insurer, Illinois National Insurance Company ("Illinois"). The plaintiffs alleged that Illinois would be liable for damages recoverable from an unidentified driver in the event that they failed to obtain judgment against State Farm and Parks.
At trial, both Erwin and Jones identified Parks' vehicle as the vehicle involved in the accident. In describing the accident, Erwin testified that the Dodge came at them "pretty fast, really fast" and hit them "really hard" and "pretty hard," causing them to be jolted and shaken up. Erwin described the front end damage to the Camaro. Photographs showed gaps between the hood fittings and doors appearing tighter, stress marks on the front bumper, and a small patch of paint chipped off on the bumper. Erwin admitted that the front end damage was not particularly visible and explained that he had a rubberized bumper with a shock absorber behind it for protection, otherwise the front end would have been smashed. Other problems reported by Erwin to have resulted from the accident included a broken alternator and transmission mount, as well as oil leaks necessitating the replacement of the valve cover gasket and an oil pan gasket. Erwin did admit that the alternator may have just gone out due to the Camaro being a 1984 model with over 90,000 miles. The trial court disallowed the introduction into evidence of three bills from Midas, Dixie Auto Sales, and Moore's Retread & Tire for repairs related to the transmission, oil leak, and alternator on the basis that no expert testimony related these problems to the accident.
Jones did not memorize the license plate number of the Dodge, could not recall it, and could not identify the driver. However, she stated her belief that Parks' vehicle was the one involved in the accident. Jones testified that the Dodge came at them "like a bullet." She described the impact as "very heavy," "very forceful," and "just like dynamite, almost." She stated that "it just felt like a ton of bricks when it hit us."
The plaintiffs also presented the testimony of Thomas W. Pickens, a former police officer who qualified as an accident investigation expert. Pickens took photographs of Erwin's Camaro and noted gaps in the area of the door, fender, and hood. From his investigation, Pickens concluded, "Something hit the car is all I can tell you."
Parks, who claimed to have been working around his house the day of the accident except for a visit that morning to his grandmother in Shreveport, denied any involvement in the accident. He stated that his vehicle had not been stolen and that it had not been borrowed by or loaned to anyone on the day of the accident. Furthermore, Parks denied having been involved in any accidents and having sustained any damage to the rear bumper of his Dodge truck.
State Farm presented the testimony of Ronnie Jack McKinley, an engineer who qualified as an accident reconstruction expert. McKinley examined both vehicles *232 and the site of the accident. In examining the vehicles, McKinley paid particular attention to the height of each vehicle so as to determine how contact would occur between them and how contact would be affected by the Dodge reversing at an incline into the Camaro. McKinley could not find a point of contact and concluded that it would not have been possible for Parks' vehicle to have contacted the scruffed or stress-marked area of the Camaro's front end. With regard to the gaps pointed out by Erwin, McKinley found such problems all over the vehicle and concluded the problem had nothing to do with the collision described by Erwin and Jones. McKinley even addressed Erwin's theory that damage was not visible due to the rubberized bumper. Disclaiming this theory, McKinley explained that a bumper with an energy absorbing system provides protection from structural damage to the frame of the vehicle but does not protect the front end from cosmetic damage. McKinley calculated the speed of the Dodge, based on the plaintiffs' description of the accident, as having been thirteen miles per hour. He stated that such an impact would have torn up the front end of the Camaro and resulted in "major cosmetic damage" requiring the replacement of the front panels on the vehicle. Even an impact at five miles per hour would have resulted in major cuts and scratches on the front end of the Camaro. Most importantly, McKinley found no evidence consistent with a collision involving the two vehicles. McKinley stated that, from an engineering standpoint, no evidence supported the version of the accident given by Erwin and Jones.
At the close of evidence, the trial court found in favor of the defendants. The trial court did not believe the accident involved a phantom vehicle for which Erwin's UM insurer, Illinois, would be liable for any damages sustained by the plaintiffs. As to the plaintiffs' claim against State Farm and Parks, the trial court determined that the plaintiffs failed to prove their case by a preponderance of the evidence. Influencing the trial court's finding was the competing testimony from the plaintiffs and Parks as to whether an accident occurred and the expert testimony from McKinley that no evidence supported plaintiffs' version of the accident. Plaintiffs appeal this adverse judgment, assigning as error the trial court's refusal to allow the three repair bills into evidence and the dismissal of their claims against both State Farm and Illinois.

DISCUSSION
The plaintiff seeking damages in a civil action must prove each element of his claim by a preponderance of the evidence. Alderman v. Jacks, 31,572 (La. App.2d Cir.2/24/99), 729 So.2d 729; Cox v. Total Petroleum, Inc., 29,496 (La.App.2d Cir.5/7/97), 694 So.2d 619. Proof by preponderance of the evidence means that the evidence, when taken as a whole, shows that the fact to be proven is more probable than not. Cox, supra. If the party bearing the burden of proof fails to satisfy his burden by a preponderance of the evidence, his case fails to outweigh his opponent's case and he necessarily loses. Miller v. Leonard, 588 So.2d 79 (La.1991); Silva v. Calk, 30,085 (La.App.2d Cir.12/10/97), 708 So.2d 418.
Our review of the case before us is governed by the manifest error standard. It is well settled that a court of appeal may not set aside a trial court's factual findings in the absence of manifest error or unless such findings are clearly wrong. Reasonable evaluations of credibility and inferences of fact should not be disturbed, even though the appellate court may believe that its own evaluations and inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989). To reverse the trial court's factual findings, the appellate court must find from the record that no reasonable factual basis exists for the findings, and must determine that the record establishes the findings as clearly wrong or manifestly erroneous. Stobart v. *233 State through Department of Transportation and Development, 617 So.2d 880 (La. 1993).
Where there are two permissible views of the evidence, the fact-finder's choice between them can never be clearly wrong or manifestly erroneous. Rosell, supra. The trier of fact has a duty to reconcile conflicting versions of the testimony. Where there are two or more defendants, the adjudicative function is not fulfilled when the trier of fact calls the case a draw simply because somebody has to be at fault. One or both defendants could be innocent. Aetna Life and Casualty Co. v. Solloway, 25,462 (La.App.2d Cir.1/19/94), 630 So.2d 1353, writ denied, 94-0575 (La.4/22/94), 637 So.2d 162, citing Morales v. Houston Fire and Casualty Co., Inc., 342 So.2d 1248 (La.App. 4th Cir. 1977), writ denied, 345 So.2d 49 (La.1977).
The trial court found that the plaintiffs failed to prove their case by a preponderance of the evidence. Contrary to the plaintiffs' argument on appeal, that this is a case of mistaken or attempted identification and that Illinois, Erwin's UM insurer, should be found liable for damages, the evidence does not establish that a phantom, or unidentified, vehicle hit the plaintiffs. Both Erwin and Jones testified that the vehicle which hit them was the white Dodge pick-up owned by Parks. Erwin testified that he was positive that it was Parks' truck which hit his Camaro. He stated that he had no doubt about it. On cross examination, Erwin was asked whether there was a chance that another vehicle, other than Parks' truck, hit the Camaro. Erwin answered, "No." Considering the plaintiffs' positive identifications of Parks' truck as the vehicle which hit them, we find no manifest error in the trial court's denial of their claim against Illinois.
As to the dismissal of their claim against State Farm, the plaintiffs argue that they gave a valid identification of the vehicle which hit them. Plaintiffs cite State Farm Mutual Automobile Insurance Co. v. Smith, 99-121 (La.App. 5th Cir. 6/1/99), 738 So.2d 131, for the proposition that it is not necessary for them to prove that the owner of the identified vehicle was driving at the time of the accident. Once a valid identification of the vehicle is made, the facts are sufficient to establish the reasonable inference that the owner or someone authorized by him was driving the vehicle at the time of the accident. Then, the defendant must come forward with evidence to refute the inference that the owner or an authorized person was driving the vehicle. Id. Plaintiffs argue that State Farm failed to refute their identification of Parks' vehicle and the inference that either Parks or a person authorized by him was driving the Dodge truck at the time of the accident.
In Smith, supra, the plaintiff and an eyewitness identified the vehicle involved in the hit and run accident. The only evidence refuting their identification was the testimony of Smith, the owner of the vehicle involved in the accident, who claimed that his vehicle had been stolen the night of the accident and that neither he nor anyone authorized by him had been driving the vehicle when the accident occurred. The trier of fact did not find Smith's testimony credible. In the instant case, the trial court did not make an adverse credibility determination as to Parks testimony. Parks, the owner of the Dodge truck, denied any involvement in the accident and testified that he was home at the time the accident occurred. Parks also testified that his truck had not been stolen and that no one had borrowed it. It is evident, from the oral reasons for judgment, that the trial court did not find either party more credible than the other. Rather, the trial court's reasoning indicates that he found the testimony of the opposing parties to be balanced.
From our review of the record, we find the trial court's factual findings and denial of the plaintiffs' claim against State Farm to be reasonable and not manifestly erroneous. In addition to Parks' denial of *234 any involvement in the accident, expert testimony by McKinley established the likelihood that an accident involving Parks' Dodge and Erwin's Camaro did not occur. McKinley testified that he could find no evidence consistent with a collision involving the two vehicles, especially a collision as that described by Erwin and Jones. The proffered repair bills, even if allowed into evidence and considered by the trial court, do not strengthen the plaintiffs' case. No testimony relates the proffered repair bills to damage from the alleged accident. The plaintiffs have simply failed to prove their case by a preponderance of the evidence. Therefore, we are compelled to affirm the trial court's judgment.

CONCLUSION
For the reasons discussed, we affirm the judgment of the trial court. Costs of this appeal are assessed to the plaintiffs.
AFFIRMED.