Judgment rendered November 15, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,309-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

MCKEEVER MOHAM                                    Plaintiff-Appellee

versus

TEXAS TRANSEASTERN, INC.            Defendants
AND HORACE MANN
PROPERTY AND CASUALTY
INSURANCE COMPANY

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 164,346

Honorable Robert Lane Pittard, Judge

* * * * *

PERKINS & ASSOCIATES, LLC                 Counsel for Appellants,
By: Adrian B. Stull                                       Texas Transeastern, Inc.

THE LAW OFFICE OF ALLEN                  Counsel for Appellee
COOPER, LLC
By: J. Allen Cooper, Jr.

* * * * *

Before STONE, COX, and THOMPSON, JJ.

**THOMPSON, J.**

A driver on Interstate 20 in Bossier City, Louisiana, was forced out of his lane of travel by an encroaching 18-wheeler and collided with a concrete sidewall, causing damage to his vehicle and injuries. The 18-wheeler did not stop, but the driver identified its owner by reading the company's name printed on the back of the truck. The trucking company denied liability on the basis of the driver's inability to sufficiently prove that their truck and driver were at the scene of the collision at the time it occurred. After the trial court denied two separate motions for summary judgment filed by the trucking company, a bench trial occurred. The trial court found that the defendant trucking company's truck and driver were at the scene and caused the driver's collision, which resulted in damages and injury. The trial court awarded the driver damages for property damage to his vehicle, his medical expenses, and an award for personal injuries. The trucking company now appeals. We affirm.

## FACTS

On March 27, 2020, McKeever Moham ("Moham") left his home in Shreveport and was driving his 2008 Lexus LS 460 sedan eastbound in the right lane on Interstate 20 ("I-20"), in route to Pierre Bossier Mall in Bossier City, Louisiana. According to Moham, an 18-wheel truck and trailer was traveling in the left lane while he was in the right lane. Moham alleges that the 18-wheeler drove into the right lane he was occupying. He honked his car's horn, but the 18-wheeler continued to encroach into his lane of travel. Moham alleges that as the 18-wheeler continued into his lane, he was forced

into the concrete sidewall, and the 18-wheeler continued eastbound on I-20 without stopping.

After his collision with the concrete sidewall, Moham was able to back his car off the wall and "limp it along" to the next exit with his hazard lights on. Once off I-20, he called the police to report the accident. Moham had noted that the truck was an 18-wheeler which had "TTE" written in blue on the back of it and underneath those letters were words "Texas Transeastern" and wrote that information down on a napkin in his car. When the police responded to his call, he relayed to the officer that it was a TTE truck which forced him off the road. Police bodycam footage from the accident shows that Moham reported to the responding officer that it was a TTE truck that changed lanes into his lane of travel. Moham did not provide a description of the driver of the TTE truck to police, and he did not initially report any injuries at the scene of the accident or receive medical aid at that time.

On October 26, 2020, counsel for Moham sent a letter to TTE regarding the accident that occurred on March 27, 2020. TTE advised that it retains records of driver duty status and supporting documents for a period of six months before those records are purged and irretrievable. TTE alleges that the October 26, 2020 letter was the first time it was made aware of Moham's alleged accident, a period of seven months after the alleged collision, and that any logged data from the date of the accident would have already been deleted.

On March 15, 2021, Moham filed a petition for personal injuries, alleging that he sustained injuries in a motor vehicle accident due to the

2

negligence of TTE.  On May 25, 2021, TTE filed a motion for summary judgment asserting that Moham could not meet his burden of proof and failed to establish that liability should be assessed to TTE.  TTE argued that Moham could not provide a physical description of the truck and failed to notify TTE of the alleged accident in a "timely" matter.

On July 19, 2021, a hearing was held on the first motion for summary judgment filed by TTE.  The trial court denied the motion and ruled that the plaintiff should be provided time to conduct adequate discovery.  Through discovery, TTE identified two individuals who were drivers on the date of the incident in the Shreveport-Bossier area – Marquis Frazier ("Frazier") and Gregory Price ("Price").  Frazier worked the day shift and travelled I-20 on the date of the alleged accident.  The record shows that Frazier left a Circle K on Youree Drive in Shreveport, and was in route to the Circle K on East Texas Street in Bossier City during the general time of the incident.  Frazier testified that the time on the ticket at a Circle K in Bossier City shows that he started unloading fuel at 1:04 PM.  This time entry was written by him shortly after checking in with the store and prior to discharging the fuel.  Frazier also testified that other TTE trucks from the Dallas, Texas area pass through Bossier City along this same route on I-20, but did not have firsthand knowledge of whether this occurred on that date or not.

On November 22, 2021, the corporate deposition of TTE, as provided by La. C.C.P. art. 1442, was conducted through its representative, Steven Davis ("Davis"), who was TTE's director of safety.  Davis testified that the vehicle monitoring software in place at the time of the accident only preserved records and video of the drivers' activity for six months.  Davis

3

confirmed that TTE had two trucks based in Shreveport which both travel on I-20 on a regular basis. Davis testified that it was possible they were on I-20 at the time of the accident, since it is a major thoroughfare through the area.

Moham testified during his deposition and estimated that the accident occurred around 1:00 PM or 1:30 PM, based on the fact that he watched the local news at noon at his home, and then left home after the news ended. Moham testified that he had no doubt that it was a TTE truck. He further testified that he saw TTE on the back of the truck in big blue letters. He confirmed that he told the police officers that the truck had TTE on the back of it on the date of the incident.

Frazier testified during his deposition that his vehicle was not involved in a collision on I-20, and that he unloaded fuel at the Circle K in Bossier City at 1:04 PM and finished there around 1:13 PM. After he finished loading fuel at the Bossier Circle K, Frazier traveled on I-220 West to return to the TEPPCO[1] refinery to reload the vehicle with fuel. Records reflect Frazier began loading fuel at the TEPPCO refinery at 1:27 PM, and completed loading at 1:42 PM.

Following discovery, on May 27, 2022, TTE filed a second motion for summary judgment. TTE argued that (1) Moham could not present any evidence to establish fault; (2) Moham could not produce any witnesses to corroborate or support his claims; and (3) Moham was not able establish that any drivers for TTE at the time of the alleged accident were connected to or near the scene of the accident. On June 27, 2022, a hearing was held on

---

[1] Texas Eastern Products Pipeline Company.

TTE's second motion for summary judgment, which the trial court also denied.

On November 7, 2022, a bench trial was held at which McKeever testified, as well as Frazier and Price from TTE. After the presentation of evidence, including the police report, police bodycam footage, and witness testimony, the trial court ruled in favor of Moham. In a written opinion, the trial court provided a timeline that was ascertained from the testimony of Moham, Frazier, and the police report from the incident:

- 1:04 PM: The time recorded by Marquis Frazier as the time he began unloading fuel at the Circle K in Bossier City, several miles away from the incident.

- 1:34 PM: The time of "notification" to Bossier City Police Department of Moham's incident.

The trial court's ruling on liability provided that there is "little doubt that an accident occurred." The trial court stated that Moham was a credible witness, and no testimony was presented to discredit him other than the timing issue. The trial court noted confusion as to the exact time of the incident, considering that minutes elapsed between the initial call to the police, the police's arrival and departure from the scene. The trial court also noted the time discrepancy provided by Moham. The record shows that at trial, Moham estimated the accident occurred at 12:45 PM or 1:00 PM, but during his deposition, he provided a different time estimate of 1:00 PM or 1:30 PM. The trial court noted Moham's testimony that it took "a while" for the police officer to get there; one officer arrived and soon left due to a shift change, and then another officer arrived. The trial court stated that Frazier's time entry and the police report time entry "were both entered by humans unaware that the exact time of the incident would later become an issue in

5

these proceedings." Additionally, the trial court stated that other TTE trucks pass through this exit. Considering the evidence as a whole, the trial court found more probably than not that Moham did run into the rail on I-20 to avoid contact with an encroaching TTE truck. The trial court awarded special damages in the amount of $13,328.14, which included five months of medical treatment for lower back and head injuries, along with the cost of a rental vehicle and car repairs. The court awarded general damages in the amount of $20,000.00, bringing the total award to $33,328.14. It is from this judgment TTE appeals.

**DISCUSSION**

TTE asserts two assignments of error:

1. The final judgment is erroneous: Evidence presented by TTE shows that neither its driver, nor its vehicle, were present at the scene of the accident at the time(s) alleged by Moham.

2. The final judgment is erroneous: Moham failed to carry his burden of proof because he did not present evidence sufficient enough to assess liability upon TTE for his alleged injuries.

TTE argues the trial court's ruling in favor of Moham was clearly wrong, and there was no reasonable basis for the court's conclusion.

The plaintiff seeking damages in a civil action must prove each element of his claim by a preponderance of the evidence. *Erwin v. State Farm Mut. Auto. Ins. Co.*, 34,127 (La. App. 2 Cir. 11/1/00), 771 So. 2d 229, *writ denied*, 00-3285 (La. 2/2/01), 784 So. 2d 6. *See also Willis v. Manning*, 37,259 (La. App. 2 Cir. 6/25/03), 850 So. 2d 983.

Proof by preponderance of the evidence means that the evidence, when taken as a whole, shows that the fact to be proven is more probable than not. *Erwin, supra.* If the party bearing the burden of proof fails to

6

satisfy his burden by a preponderance of the evidence, his case fails to outweigh his opponent's case and he necessarily loses. *Miller v. Leonard*, 588 So. 2d 79 (La. 1991); *Erwin, supra.*

In all civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a trial court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. *Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC*, 14-2592 (La. 12/8/15), 193 So. 3d 1110; *Harper v. State Farm Mut. Auto. Ins. Co.*, 50,728 (La. App. 2 Cir. 6/22/16), 198 So. 3d 168. Thus, a reviewing court may not merely decide if it would have found the facts of the case differently. *Id.* In reversing a factfinder's determinations, the appellate court must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court's conclusion, and the finding must be clearly wrong. *Stobart v. State through Dept. of Transp. & Dev.*, 617 So. 2d 880 (La. 1993).

This test requires a reviewing court to do more than simply review the record for some evidence which supports or controverts the trial court's findings. The court must review the entire record to determine whether the trial court's finding was clearly wrong or manifestly erroneous. *Hayes Fund for First United Methodist Church of Welsh, LLC, supra*; *Harper, supra.* The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Stobart, supra.*

**Assignment of Error No. 1: The final judgment is erroneous: Evidence presented by TTE shows that neither its driver, nor its vehicle, were present at the scene of the accident at the time(s) alleged by Moham.**

In its first assignment of error, TTE contends that the evidence presented showed that neither its driver nor its vehicle was present at the scene of the accident. TTE argues that the trial court failed to consider all of the evidence regarding the timing of the accident. At trial, Moham testified that the accident occurred around 12:45 PM to 1:00 PM. However, during his deposition, when questioned regarding the timing, Moham responded that around 1:00 PM to 1:30 PM would be correct. TTE contends that bills of lading and delivery tickets showed that no matter what time Moham alleged the accident occurred, Frazier was not near or at the scene of the accident. TTE argues that the court's timeline, as noted above, fails to consider that Frazier unloaded fuel at the Circle K in Bossier City at 1:04 PM and finished there around 1:13 PM. The record shows that that after he finished loading fuel at the Bossier Circle K, Frazier traveled on I-220 West to return to the TEPPCO refinery to reload the vehicle with fuel. Frazier began loading fuel at the TEPPCO refinery at 1:27 PM, and completed loading at 1:42 PM. TTE argues that Frazier could not have been travelling east on I-20 around 1:30 PM and loading the TTE vehicle with fuel at the TEPPCO refinery at the same time.

TTE argues that the trial court also failed to consider the evidence that showed Frazier's times and locations prior to the time of the alleged incident. Though he did travel east on I-20, TTE claims he did so about an hour prior to when Moham testified during his deposition that the alleged accident occurred. TTE contends that in an attempt to place its driver at the

location of the alleged accident, Moham changed his testimony at trial, estimating that the time the accident occurred was around 12:45 PM. TTE concludes that the record contradicts Moham's account of the accident, including the time of its occurrence. Therefore, there is no reasonable factual basis for the trial court to have ruled in favor of Moham, and its ruling was clearly wrong. We disagree.

We find that the trial court was reasonable in finding that there was sufficient evidence that TTE's truck was at the scene of the accident. At trial, Moham testified that the accident occurred between 12:45 PM and 1:00 PM, which he based on having watched the local news at noon and then leaving his house immediately afterward. During his deposition, on cross-examination in response to questioning, he estimated that it happened at 1:00 PM or 1:30 PM. The record establishes that Frazier drove the TTE truck on I-20 sometime between 12:35 PM and 1:04 PM. As such, either the 1:00 PM estimate Moham provided during his deposition, or the 12:45-1:00 PM estimate from the trial, overlap with Frazier's time frame as to when the TTE truck was travelling on I-20 and could have been at the scene of the accident. The trial court was neither clearly wrong nor manifestly erroneous in concluding there was sufficient evidence to conclude the TTE 18-wheeler forced Moham from the roadway and into the barrier on the date and time of the incident. Accordingly, this assignment of error is without merit.

**Assignment of Error No. 2: The final judgment is erroneous: Moham failed to carry his burden of proof because he did not present evidence sufficient enough to assess liability upon TTE for his alleged injuries.**

In its second assignment of error, TTE argues that Moham failed to carry his burden of proof because he did not present sufficient evidence to

assess liability for his alleged injuries. TTE argues that Moham only presented inconsistent testimony, photos of vehicle damage limited to one spot on his car, and invoices and receipts for property damage. TTE argues that no witnesses corroborated the events of the accident. TTE also notes that Moham did not take any photographs of the damage to his vehicle on his cell phone, despite having it available at the scene of the collision.

In response to the second assignment of error, Moham argues that on the very issues identified by TTE in this assignment of error, the trial court determined that he was a credible witness. Moham maintained that there was no doubt in his mind that the TTE truck ran him into the barrier on I-20. Further, during its 1442 corporate records deposition, TTE's representative admitted that a TTE truck was probably at the scene of the accident, testifying that he was "certain [driver logs] would show them on I-20." Frazier could not definitively say that another TTE truck from the Dallas area did not cause Moham to collide with the barrier. We note it is interesting for TTE to complain of the absence of **additional** supporting documentation from Moham, in addition to his testimony, on specifics of the exact time of the accident, when it was TTE that destroyed all potentially exonerating data for the 18-wheeler involved, well within the applicable prescriptive period for such incidents in Louisiana. Without question it is Moham's burden of proof alone, but the trial court concluded he satisfied that burden with his sworn testimony and contemporaneous report to law enforcement. If TTE genuinely could produce any records which may tend to disprove or call into question the credibility of any such allegations, it does itself a disservice by failing to preserve that information and those

records through Louisiana's one-year prescriptive period for filing such claims as those asserted by Moham.

The matter before us involves the classic credibility determination in an automobile accident case by the trier of fact. The trial judge was presented with Moham's description of the incident and his identification of a TTE 18-wheeler as the truck that forced him to collide with the concrete sidewall. TTE insists that Moham cannot prove that their truck was the culprit, because Moham's account of the incident cannot definitively place a TTE truck on I-20 at the exact moment he collided with the concrete sidewall. Since TTE's monitoring software purged its own records that could establish an exact timeline, there was limited evidence that could corroborate Moham's account and confirm that a TTE truck was present, other than his testimony under oath and corroborating police report.

The trial judge found Moham's testimony that the TTE truck was the truck that travelled into his lane to be credible. The trial judge ultimately determined that the timeline established by the evidence and testimony at trial established that more probably than not, a TTE truck forced Moham into the concrete sidewall. We conclude that the trial judge's findings are reasonable, supported by the record, and not manifestly erroneous, and therefore this assignment of error is likewise without merit.

## CONCLUSION

For the reasons stated above, we affirm the trial court judgment awarding damages to McKeever Moham, and do hereby assess all costs to Texas Transeastern, Inc.

**AFFIRMED.**

11