CLARENCE HAMILTON AND NOVELLE
FLEMING

VERSUS

PROGRESSIVE WASTE SOLUTIONS OF LA,
INC. XYZ INSURANCE COMPANY AND
JOHN DOE

NO. 23-CA-139

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 754-265, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

November 29, 2023

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and John J. Molaison, Jr.

**AFFIRMED**
  **JJM**
  **SMC**
  **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
CLARENCE HAMILTON AND NOVELLE FLEMING
    Michael I. Rodriguez, Sr.

COUNSEL FOR DEFENDANT/APPELLEE,
PROGRESSIVE WASTE SOLUTIONS OF LA, INC., XYZ INSURANCE
COMPANY AND JOHN DOE
    Guice A. Giambrone, III
    Ivana Dillas

**MOLAISON, J.**

In this appeal, the appellants/plaintiffs seek review of the trial court's ruling that there was no evidence of an automobile accident which caused the appellants' alleged injuries and property damage. For the reasons that follow, we affirm.

## PROCEDURAL HISTORY

On October 7, 2015, the appellants, Clarence Hamilton and Novelle Fleming, filed a lawsuit at the Twenty-Fourth Judicial District Court in which Mr. Hamilton alleged injuries following an automobile accident involving a vehicle owned by the appellee, Progressive Waste Solutions of Louisiana, Inc. ("Progressive").[1] Specifically, the petition asserted that on October 17, 2014, at approximately 10:00 a.m., Mr. Hamilton was operating a vehicle owned by Ms. Fleming on Earhart Boulevard, within Jefferson Parish. Mr. Hamilton alleged that four pieces of "wood/lumber" fell from the back of Progressive's truck, later described as a "roll-off" vehicle, and struck the front of the car he was driving, thereby damaging the automobile and causing him to sustain injuries to his lumbar spine and knees, as well as emotional distress.[2] Mr. Hamilton also alleged that circumstances required him to chase and flag down the attention of the Progressive truck's driver, who advised him to contact Progressive using the number provided on the vehicle.

A judge trial was held on September 8, 2022, and the matter was taken under advisement at that time. In a written judgment dated September 26, 2022, the trial

---

[1] Appellants listed Progressive, XYZ Insurance Company, and John Doe as defendants in the petition. This opinion will address the defendants collectively as "Progressive."

[2] Ms. Fleming's only claim was for damage to her vehicle. No repair estimate for the alleged damage was offered into evidence. Further, no evidence was introduced at trial that the vehicle was insured at the time of the alleged accident. We note that the "no pay, no play" law bars a portion of an owner's recovery "based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security." La. R.S. 32:866(A)(1); *Bryant v. United Servs. Auto. Ass'n*, 03-3491 (La. 9/9/04), 881 So.2d 1214, 1221.

court ruled in favor of Progressive and dismissed Mr. Hamilton and Ms. Fleming's claims with prejudice. The timely instant appeal followed.

## ASSIGNMENT OF ERROR

Plaintiffs seek a *de novo* review of the medical evidence seeking an award for Clarence Hamilton for past, present, and future physical pain and suffering and for Novelle Flemings for the amount of her property damages.

## LAW AND ANALYSIS

To succeed on a claim of negligence, the plaintiff must prove five elements: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability, scope of protection, scope of duty element); and (5) proof of actual damages (the damages element). *See Rando v. Anco Insulations Inc.*, 08–1163 (La. 5/22/09), 16 So.3d 1065, 1086.

In the instant case, the trial court indicated in its reasons for judgment, in relevant parts:

> Mr. Hamilton did not contact the police or file a report ... [The] Court finds that Plaintiffs have failed to produce evidence to establish liability. There is no evidence, other than Mr. Hamilton's self-serving testimony, to establish that an accident actually occurred. There is no independent or corroborating evidence that this incident ever occurred.

At trial, Mr. Hamilton was the only witness to testify on behalf of the plaintiffs. With respect to the accident itself, his testimony was consistent with the allegations as set forth in the petition, and several other details were adduced. On direct examination, Mr. Hamilton stated that as he was entering on to the Earhart Expressway from a ramp that merged into the left lane, there was a Progressive truck already in the right lane ahead of him. Mr. Hamilton explained

that the accident occurred when the truck hit a bump, and the logs came out from below a screen that was covering the dumpster.  He identified a photograph that he said showed the damage to the front of the vehicle after the accident.  Mr. Hamilton testified that he "jammed" on the brakes in the vehicle he was driving, as one log simultaneously hit the front of the car.  At that time, his back "snapped" and his knees hit the dashboard.  Mr. Hamilton claimed that he followed the Progressive truck until it stopped.  The truck driver, who did not produce any identification, advised Mr. Hamilton to call the number indicated on the truck to contact Progressive directly, which he ultimately did.  Mr. Hamilton said that he did not call the police at the time because he had to pursue the Progressive truck to get the driver to stop.

On cross examination, Mr. Hamilton admitted that on the date of the accident, he did not have a valid driver's license because of a DUI conviction in 2012.  He had been receiving Social Security disability since 2012.  Mr. Hamilton was in an auto accident in 2000, in which he claimed a back injury.  He had also been in a work-related accident in 2010, in which he injured both knees and his back.  He was in another auto accident in 2004 or 2005, which resulted in injuries to this back and knees.

The trial court's determination that the appellants did not establish Progressive's liability for either the alleged car damage or claimed personal injuries, is a factual finding.  It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.  *Rosell v. ESCO*, 549 So.2d 840, 844 (La. 1989).

In a case with a related issue, *Powell v. Craft*, 48,004 (La. App. 2 Cir. 6/26/13), 117 So.3d 298, the plaintiff claimed personal injury and automobile damage resulting from a multi-car collision. The defendant contended that the plaintiff's vehicle was not involved in the accident at all. Following a judge trial, the court determined that the plaintiff's own testimony, which it did not find credible, was the only evidence that would tend to establish he had been in the accident. Upon finding that the plaintiff had not met his burden of proof, all claims were denied. On appeal, the Second Circuit found no error in the trial court's ruling:

> In this case, the trial court heard testimony regarding varied versions of an accident, and was in the best position to determine the credibility of the witnesses. When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands that great deference be given to the trier-of-fact's findings, for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. *Scott v. State Farm Fire & Cas. Co.*, 47,490 (La.App.2d Cir.9/26/12), 106 So.3d 607; *Ratcliff v. Normand*, 01–1658 (La.App.3d Cir.6/5/02), 819 So.2d 434. In fact, the court specifically stated in its reasons that it did not find Albritton to be a credible witness, given her shaken demeanor and inconsistent testimony. Aside from Powell's testimony and the minor damage to his bumper, Albritton was the only other witness who suggested that Powell was involved in the accident.
>
> While Powell proved that his car was slightly damaged, he failed to prove that it was damaged as a result of the collision at issue.

*Id*. at 301.

In *Erwin v. State Farm Mut. Auto. Ins. Co*., 34,127 (La. App. 2 Cir. 11/1/00), 771 So.2d 229, 230-32 *writ denied*, 00-3285 (La. 2/2/01), 784 So.2d 6, the plaintiffs claimed that they were the victims of a hit and run accident. One plaintiff gave the make and license plate of the purported driver's vehicle to police, which eventually led to the defendant, along with his insurer, being made parties to the lawsuit. The defendants denied the allegations. At trial, the evidence showed no damage to the defendant's vehicle, and the defendants' experts demonstrated

that the type of claimed damages could not have possibly been caused under the circumstances claimed by the plaintiffs. In denying the plaintiffs' claims, the trial court did not believe the accident involved a phantom vehicle for which the defendant's UM insurer, would be liable. In upholding the trial court's judgment, the Second Circuit reasoned:

> The plaintiff seeking damages in a civil action must prove each element of his claim by a preponderance of the evidence. *Alderman v. Jacks*, 31,572 (La.App.2d Cir.2/24/99), 729 So.2d 729; *Cox v. Total Petroleum, Inc.*, 29,496 (La.App.2d Cir.5/7/97), 694 So.2d 619. Proof by preponderance of the evidence means that the evidence, when taken as a whole, shows that the fact to be proven is more probable than not. *Cox*, *supra*. If the party bearing the burden of proof fails to satisfy his burden by a preponderance of the evidence, his case fails to outweigh his opponent's case and he necessarily loses. *Miller v. Leonard*, 588 So.2d 79 (La.1991); *Silva v. Calk*, 30,085 (La.App.2d Cir.12/10/97), 708 So.2d 418.
>
> . . .
>
> The trial court found that the plaintiffs failed to prove their case by a preponderance of the evidence. Contrary to the plaintiffs' argument on appeal, that this is a case of mistaken or attempted identification and that Illinois, Erwin's UM insurer, should be found liable for damages, the evidence does not establish that a phantom, or unidentified, vehicle hit the plaintiffs. Both Erwin and Jones testified that the vehicle which hit them was the white Dodge pick-up owned by Parks. Erwin testified that he was positive that it was Parks' truck which hit his Camaro. He stated that he had no doubt about it. On cross examination, Erwin was asked whether there was a chance that another vehicle, other than Parks' truck, hit the Camaro. Erwin answered, "No." Considering the plaintiffs' positive identifications of Parks' truck as the vehicle which hit them, we find no manifest error in the trial court's denial of their claim against Illinois.

In the instant case, the only testimony offered to prove an accident took place came from the plaintiff himself. In his testimony, Mr. Hamilton claimed that four logs made it past a closed canopy on top of the truck's dumpster and landed in the roadway. He said that the truck's driver refused to identify himself and that he did not have time to call the police either shortly after the alleged accident, or thereafter. He claims to have contacted Progressive about the damage to the vehicle, but offers no evidence that such communication took place. The only objective pieces of evidence offered at trial with regard to an accident were

undated photographs of a vehicle's front end, which do not indicate in what area the alleged damage took place.

It is evident the trial court's findings were based on credibility determinations. When the trial court's findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. *Cobena v. ACE Am. Ins. Co.*, 21-630 (La. App. 5 Cir. 8/3/22), 347 So.3d 1117, 1123, *writ denied*, 22-01337 (La. 11/16/22), 349 So.3d 1007. Here, the court had evidence before it regarding Mr. Hamilton's prior accidents, which showed that he had on other occasions injured his back and knees, as were his complaints here. *Gongora v. Snay*, 626 So.2d 759, 762 (La. App. 5th Cir.1993), *writ denied*, 630 So.2d 795 (La. 1994).

After a review of the record, we cannot say that the trial court's conclusion, based on the evidence and testimony presented, constitutes manifest error.

### *Damages*

The appellants' specific assignment is a request for this court to conduct a *de novo* review of the evidence and award damages as prayed for the petition.

La. C.C. art. 2315 provides that a party is liable to repair damage from an act that it caused. In Louisiana tort cases, the plaintiff must prove by a preponderance of the evidence both the negligence of the defendant and the damages caused by the latter's fault. *Jordan v. Travelers Ins. Co.*, 257 La. 995, 1007, 245 So.2d 151, 155 (1971). Because we find no error in the trial court's determination that Progressive had not committed an act of negligence, it follows that a *de novo* review of any alleged damages to the appellants is not warranted.

## CONCLUSION

Upon our review of the evidence and testimony presented at trial, we find no error in the trial court's judgment that found no liability on the part of Progressive which, in turn, would have merited an award of damages to the appellants. For the foregoing, reasons, the judgment of the trial court is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 29, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-139

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)

MICHAEL I. RODRIGUEZ, SR.
(APPELLANT)

GUICE A. GIAMBRONE, III (APPELLEE)

IVANA DILLAS (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED