| | | |
|---|---|---|
| PLASSIE ORDON, GLENN FIELDS, AND THERESA BELL | * | NO. 2023-CA-0743 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| JOAQUIN ROS, GULF LINE TRANSPORT, LLC, AND AMERICAN INTER-FIDELITY EXCHANGE | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-08715, DIVISION "I-14"
Honorable Lori Jupiter, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Paula A. Brown, Judge
Karen K. Herman)

Wilson H. Barnes
LAW OFFICE OF WILSON H. BARNES
4307 Canal Street
New Orleans, LA 70119

      COUNSEL FOR PLAINTIFF/APPELLANT


James R. Nieset, Jr.
Colin T. Ryan
PORTEOUS, HAINKEL & JOHNSON, LLP
704 Carondelet Street
New Orleans, LA 70130

      COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED.**
**June 26, 2024**

RLB
PAB
KKH

This case comes to our Court after dismissal by directed verdict at the conclusion of plaintiffs' case. Defendants moved for a directed verdict arguing that Plaintiffs had failed to offer proof of the identity of the defendant truck driver or his nexus with the defendant truck owner or its insurer. The trial court granted the directed verdict. Based on the record, we affirm.

***Proceedings below***

Plaintiffs are the driver of the subject automobile, Glen Fields, and its two passengers, Plassie Ordon and Theresa Bell. Defendants are the driver of the subject truck, Joaquin Ros, the truck's owner, Gulf Line Transport, L.L.C. and its insurer, American Inter-Fidelity Exchange.

Plaintiffs alleged and testified that they were in the far right lane when a truck turned right to enter the interstate highway on Elysian Fields Avenue. The petition alleges, and testimony was adduced at trial, that the truck made contact with Plaintiffs' car and dragged it some distance before becoming disentangled. Fields testified that the truck drove forward after contact[1] then was flagged down by another driver who witnessed the collision. All three Plaintiffs testified that the

_____

[1] The testimony at trial was unclear regarding the distance the truck traveled after impact. The driver testified that the two vehicles remained in contact for "almost a block" before the truck continued onto the interstate.

1

driver who stopped the truck alerted the truck driver that he had struck and damaged the Plaintiffs' car. Plaintiffs all claimed injuries caused by the impact from the truck. There was a fourth passenger in the car who was not a party to this lawsuit.

After jury selection was complete, but before opening statements by counsel, the trial judge made comments to the jury that included Defendants' names and their procedural roles in the case. She also issued a typical caution to the jury as follows:

> Now, we will begin by affording each lawyers for each side to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence they expect to show you, okay. *The statements that the lawyers make now as well as the argument they present at the end of trial are not to be considered by either as evidence in the case or as instruction of the law*, remember I'm going to instruct you on the law. Never-the-less, these statements are intended to help you understand the issues and the evidence as it comes in as well as the positions taken by both sides. (Emphasis added.)

In opening statements, both attorneys identified the defendant truck driver, Ros, by name. Plaintiffs' counsel stated that Ros had paid a traffic fine arising from the incident and that Ros was fired by his employer, who was also the owner of the truck. Plaintiffs' counsel did not provide the jury any other information that would describe the relationship between Gulf Lines and Ros or Gulf Lines and the truck.[2] Neither attorney addressed the truck's ownership or insurance in opening statement.

Throughout the presentation of Plaintiffs' case, the focus was on their injuries and treatment with a far lesser amount of testimony regarding the accident

---

[2] The concept that closing arguments and opening statements of attorneys is not evidence is so well-entrenched in law that it has become one of the Supreme Court's jury instructions. La. Sup. Ct. R. 44. It follows that admissions (if any) by defense counsel do not operate in Plaintiffs' favor.

2

and its causes. A thorough review of the trial transcript shows that the driver was not named by any of the witnesses.[3] The only information one might glean from the record regarding the truck driver is that he was not proficient in speaking English and that he seemed surprised when he was told that his truck had struck a car. The driver's son was apparently a passenger in the truck and was able to interpret so that his father was able to participate in conversation with others at the scene.

At no point in Plaintiffs' case was the driver mentioned by name. He was not identified or described by any witness at trial. No insurance policy was introduced or discussed in any fashion whatsoever. There was no documentary or testimonial proof of the ownership of the truck. Plaintiffs' counsel did not offer any evidence at trial other than witness testimony. There was not even a general description of the truck that might give a juror a clue regarding the truck's ownership. The record does not reveal any factual stipulations by the parties. Defendants answered Plaintiffs' petition with a general denial except for Defendants' status and domicile. After Plaintiffs rested their case, Defendants moved for the directed verdict from which these Plaintiffs appeal.

***Legal analysis***

Trial courts are vested with much discretion when granting or denying a motion for directed verdict. *Moulds v. Louisiana Stadium & Exposition Dist.,* 2021-0503, p. 26 (La. App. 4 Cir. 3/23/22), 336 So.3d 920, 937. "A motion for directed verdict under La. C.C.P. art. 1810 is properly granted if in viewing the facts in the light most favorable to the adverse party, the trial court concludes that the evidence is such that reasonable, fair-minded jurors cannot arrive at a verdict in

---

[3] The only witnesses were Plaintiffs and two treating physicians.

favor of the non-moving party." *Plaia v. Stewart Enterprises, Inc.*, 2014-0159, p. 18 (La. App. 4 Cir. 10/26/16), 229 So.3d 480, 494.

Plaintiffs make two arguments regarding the evidence that was available to the jury and from which a reasonable person might arrive at a verdict in their favor.

First, each party prepared a bench book of exhibits and exchanged the books prior to trial. Both bench books included a police report of the accident. Pursuant to the trial court's pre-trial order, parties were required to note objections to the exhibits prior to trial. Neither party expressed an objection to the police report. That report contained the name of the driver, the owner of the truck and the name of the insurer. Defense counsel apparently placed his bench book before one or more of the witnesses and directed them to various documents during examination. Those documents that were the subject of the defense examination were introduced into evidence. None of the other documents were introduced. There was no stipulation that the bench books were automatically introduced into evidence barring any objection.

Plaintiffs' second argument is that all three Plaintiffs testified that the truck driver was at fault. They did not mention the driver by name, but referred to the driver as "he."

We do not find merit in either of Plaintiffs' arguments.

Although a police report was included in the bench book for each side, neither party offered the report in evidence. None of the witnesses referred to the police report and neither attorney presented it to a witness. As noted above, there were no stipulated facts governing presentation of this trial. The failure to note an objection to a possible evidentiary exhibit before trial does not make it evidence in a case, particularly as here, when it never became the topic of testimony. We reach

4

the same conclusion with regard to Plaintiffs' testimony that the driver was at fault. In order to render a judgment against a party, evidence must be marshalled to identify the party. The mere fact of the driver's presence at trial is not sufficient to meet Plaintiffs' burden of proof. None of the witnesses identified Ros in the course of testimony. From the perspective of the jury, there was nothing to indicate his connection to the case.

In a case remarkably similar to the case presently before us, the court in *Terrell v. New Alliance Insurance Brokers, Inc.*, 54,262 (La. App. 2 Cir. 3/30/22), 336 So.3d 1031, the court held that the failure of plaintiffs to positively identify the driver and owner of the truck was fatal to their case. In so holding, the court noted that:

> On March 10, 2021, the case was tried. Smith testified by videoconferencing, and Terrell testified in person. They both stated that an 18-wheeler merged into their lane on the interstate, they were injured, and they were treated by chiropractors. They introduced their medical records and bills into evidence. No evidence or testimony concerning the identity of the driver of the 18-wheeler, which 18-wheeler was involved, or the ownership of that vehicle was introduced at trial.
>
> At the close of the testimony, the court called for briefs to be submitted. At that point, the defendants' attorney stated in court:
>
> > [I]n the brief I'm going to point out that the names of my clients [were] not mentioned, not one time today in evidence and there's no proof that my clients were involved in this accident. That's a problem for the plaintiff. And I just want fair warning to the Court and opposing counsel. None of that evidence was brought up and there's no admissions and stipulations about anything.
>
> *Id.* at 336 So.3d 1034 (footnote omitted)

The *Terrell* court cited *Erwin v. State Farm Mut. Auto. Ins. Co.*, 34,127 (La. App. 2 Cir. 11/1/00), 771 So.2d 229, for the universally accepted proposition that, "The plaintiff seeking damages in a civil action must prove each element of his claim by a preponderance of the evidence."

We agree with the Second Circuit that a plaintiff's failure to prove the identity and relationship of the driver and owner of a negligently operated vehicle precludes recovery against those defendants and their insurer.

For the reasons above, we affirm the decision of the district court.

**AFFIRMED.**